Lester J. Willmann, Administrator of the Estate of Marilyn Eleanor Willmann, Deceased, Plaintiff-Appellee, v. David Jargon, Defendant-Appellant.

Gen. No. 62–O–23.

Fourth District.

October 15, 1962.

Johnson & Ducey, of Belleville, for appellant.

Meyer and Meyer, of Belleville, for appellee.

SCHEINEMAN, P. J.

This is an appeal from a judgment entered on a verdict of $12,000 returned in favor of the plaintiff, administrator of his daughter's estate, and against the defendant, who was the fiance of the deceased. She died as a result of injuries received in a collision of two motor vehicles. The defendant contends that he

was not guilty of wilful and wanton misconduct, under the circumstances, and the verdict is excessive.

The essential facts are the defendant was driving a Volkswagon westward in the county, on a clear, dry morning with the deceased, Marilyn Eleanor Willmann, beside him as a guest. He overtook and attempted to pass a State Highway truck, and while on the left lane and heading for the left shoulder, he collided with a Chevrolet coming from the west in the proper lane.

The defendant testified he had followed the State truck some distance, then pulled out to pass it, when he had a clear view ahead for 1000 feet, and saw nothing coming. When he came abreast of the truck, just behind the cab, he saw the Chevrolet approaching and he put on his brakes and tried to head for the shoulder, but it was too late and the collision occurred. He could not explain why, with a view ahead, he did not see the Chevrolet in time to avoid a collision. He said he pulled out to the left when he was five or six car lengths behind the truck. He was quite familiar with this road, traveled it twice daily for some time. He admitted his foreign car did not have the acceleration of an American car, and knew it would take longer than most cars to go around a moving vehicle. There was other evidence that this road curved to the north west of the point of collision.

There was another truck a short distance ahead of the State truck. The driver testified he saw the Chevrolet coming, and in his rear view mirror he saw the foreign car come from behind the other truck, and saw the collision. The Chevrolet was traveling at about 50 or 55 miles per hour, and put on its brakes when it was about abreast of his truck.

A State Trooper arrived later and measured the tire marks of both cars. The defendant's tire marks were 50 feet long, and the other car's 93 feet, and parallel to the pavement, while defendant's marks

were diagonal from the right side of the slab across the left side.

■ Ordinarily the question of wilful and wanton misconduct is one of fact for the jury. If there is any evidence to support such a charge the court will not take the case from the jury. Bliss v. Knapp, 331 Ill App 45, 72 NE2d 566; Heil v. Kastengren, 328 Ill App 301, 65 NE2d 579; Martin v. Cline, 15 Ill App2d 269, 145 NE2d 505.

■ The evidence before the jury and the reasonable inferences therefrom in this case present reasonable support for the charges. If defendant pulled out to pass when he was too close to the curve to make it, he was doing a reckless thing likely to cause injury or death. On the other hand, if he pulled out five or six car lengths behind the truck with a clear view of the road 1000 feet ahead, he should have seen the other car in time to get back in line. Either he was not maintaining a proper lookout or he was driving with such abandon that he did not have adequate control of his small car, or both.

When the two drivers saw each other in the same lane it would be instinctive to hit the brakes hard. Both left black tire marks. The combined length of the tracks was less than 150 feet which makes it plain that defendant pulled out when there was no possibility of going around safely. Under the conditions, it cannot be said there was no basis for a finding of wilful and wanton misconduct.

■ As to the amount of the verdict, the deceased was a young woman aged 22 years who had been working almost steadily since she had finished high school. She was doing office work in St. Louis and regularly contributed at least $20 per week toward household expenses, also paid the fuel bill, and bought other things for her parents, also helped at home, with four other children living there, of vary-

382

ing ages, all younger than she. Her father was out of work, which made her help important. Marriage would not necessarily terminate her aid permanently or completely.

With her expectancy at age 22, her life had a substantial pecuniary value to this large family. A substantial verdict was proper, and the amount awarded was not so large in this type of case, as to indicate passion or prejudice, and it having been approved by the trial judge, should not be reversed on appeal. Roberts v. City of Sterling, 22 Ill App2d 337, 161 NE 2d 138; Thomas v. Meyer, 345 Ill App 84, 101 NE2d 626.

Defendant's brief cites Barrow v. Lence, 17 Ill App 2d 527, 151 NE2d 120. That case was so different from this it is almost a complete opposite. It involved two elderly people, both retired and living on small pensions, and having no family looking to them for financial or other aid.

The verdict of the jury was within the scope of the evidence, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.