(No. 28528.—)

ALICE MORAN, Appellant, *vs.* CHARLES GATZ, Appellee.

*Opinion filed May 23, 1945—Rehearing denied September 13, 1945.*

479

Royal W. Irwin, of Chicago, for appellant.

Barrett, Barrett, Costello & Barrett, (John W. Costello, of counsel,) both of Chicago, for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellant recovered a judgment in the superior court of Cook county against appellee for injuries sustained by being struck at a street intersection by an automobile driven by appellee. The Appellate Court, First District, reversed the judgment without remanding, holding that plaintiff was guilty of contributory negligence as matter of law. (324 Ill. App. 45, 57 N. E. 2d 281.) That is the pivotal question here. The facts, as shown by plaintiff's evidence, are in substance as follows:

Appellant, a woman 61 years of age, while crossing One Hundred Fifteenth street on the east crosswalk, from north to south, at Wentworth avenue, on a dark, drizzling night, at about 9:15 o'clock, was struck by appellee's automobile when about four feet from the south curb of One Hundred Fifteenth street. There was an electric street

light on a pole at the southwest corner of the intersection. A tavern located on the southeast corner was open with lights burning and a lighted beer sign on the corner of the building. Appellant testified she stopped at the north curb, looked and saw cars coming from the east; that she waited until they had passed, and before stepping off the curb she looked west and saw two or three cars about a block away, coming east. She started to walk across the crosswalk. After taking three or four steps, which brought her within three or four feet of the streetcar track in the center of One Hundred Fifteenth street, she glanced west and saw no cars. She continued to walk south on the crosswalk and when she reached a point about four feet from the south curb she was struck by appellee's car and severely injured. No horn was sounded, and no other warning of the approach of the car was given. Appellee testified he did not see appellant until he hit her; that he was driving with his dim or city driving lights on, which did not throw a light to the left of the car, but to the right; that he could not see a person to the left of his car, as the range of the lights was to the right. A jury returned a verdict in favor of appellant for $5000 and judgment was entered thereon for that amount.

The Appellate Court held that appellant must be held to have seen—what she could have readily seen, had she looked,—*i.e.,* appellee's approaching car, and having ignored it, and continued in a normal walk, placed herself in the path of appellee's car, and this was contributory negligence on her part as a matter of law.

The errors assigned are, that the Appellate Court erred in construction of the right-of-way statute in determining whether appellant exercised due care, and in holding in effect that a pedestrian crossing an intersection on a crosswalk has no right to presume that a motorist will accord him the right of way.

The right-of-way statute, so far as applicable to this inquiry, (Ill. Rev. Stat. 1943, chap. 95½, sec. 171,) provides that "Where traffic control signals are not in place or in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection."

The Appellate Court, reviewing plaintiff's evidence, found that "The evidence most favorable to the plaintiff, with reasonable inferences to be drawn from it, is to the effect that plaintiff, before leaving the curb on the northeast corner, looked to the west and saw two or three cars coming east about a block away; that she then started south on the crosswalk across One Hundred Fifteenth street; that when three or four steps from the streetcar track she again 'partially' looked to the west, or glanced to the west, and did not see any car and proceeded across the street; that in the meantime defendant was approaching Wentworth avenue from the west, driving on the south side of One Hundred Fifteenth street at a good moderate speed, with his city driving lights burning and illuminating the pavement ahead about 50 feet and with his windshield wipers going." The inquiry here is whether the record shows that appellant was guilty of contributory negligence as a matter of law. This court has not heretofore passed upon the rights of a pedestrian crossing a street at a crosswalk, as defined by the quoted section of the act.

Regardless of the statute in question, however, it has long been the rule in this State that the driver of a vehicle on a city street is charged with a duty to exercise reasonable care in the operation of his vehicle and to have his vehicle under such control as will enable him to avoid collision with other vehicles or pedestrians. He is charged with notice that pedestrians may cross the street over which

he is driving, and other vehicles may be traveling over a cross street. (*Harrison* v. *Bingheim,* 350 Ill. 269.) He is also to anticipate that cars parked at the curb might turn into the street. (*Sullivan* v. *Ohlhaver Co.* 291 Ill. 359.) In this case, appellee testified that he could not see a pedestrian approaching his car from the left, as the range of his city driving lights was to the right. It was therefore his duty to so drive his car as to have it under such control as to enable him to avoid collision with other vehicles or pedestrians, and whether he was driving in accordance with his duty to yield the right of way to pedestrians at a crosswalk was a question of fact for the jury. .

On the other hand, it was appellant's duty to so conduct herself as to be free from contributory negligence. She had no right to rely entirely on the fact that she had the right of way. Neither had she a right to unreasonably intrude herself into the midst of traffic. The danger of such an act on her part would be apparent and have a natural tendency to hold her back, and if she carelessly got herself into such a position, the law charges her with contributory negligence and leaves her remediless.

Though not previously passed upon in this State, courts of other States have construed statutes and ordinances identical with or similar to our act. The Supreme Court of Wisconsin, in *McDonald* v. *Wickerstrand,* 206 Wis. 58, in passing upon a statute similar to ours giving a pedestrian the right of way, held that the plaintiff there was unquestionably where he had a right to be and was entitled to the benefit of the assurance that the law required oncoming drivers to yield him the right of way. It was also held, however, that the fact of plaintiff's right in this regard did not excuse negligence on his part contributing to the injury, and the question as to what constituted reasonable observation before entering upon the crossing was an

issue to be considered by the jury in determining whether or not his conduct was negligent.

In *Adler* v. *Martin,* 179 Ala. 97, 59 So. 597, it was declared that whether a pedestrian is guilty of negligence *per se* in failing to look up and down a street for approaching vehicles before attempting to cross, or whether such failure is negligence at all, is a question for the jury on the particular facts of each case.

The Supreme Court of California, in *Childs* v. *McQuagg,* 213 Cal. 661, 3 Pac. 2d 309, in construing an ordinance of the city of Los Angeles which made it unlawful for the operator of any vehicle to drive onto any crosswalk (outside a designated district) while any pedestrian was crossing the roadway until such pedestrian shall have passed beyond the path of said vehicle, and in applying such construction to facts showing that a pedestrian, before attempting to cross a street had seen a truck about 125 feet away, and believed she could cross to the streetcar in safety, and finding herself in sudden peril stood practically still, held such evidence sufficient to sustain a finding that the respondent was within a zone in which she had a right to assume that reasonable care would be exercised by motorists to avoid injuring her.

In *Schulman* v. *Los Angeles Railway Co.* 44 Cal. App. 2d 122, 111 Pac. 2d 924, plaintiff's intestate was struck by a bus owned and operated by defendant, and died from her injuries. There was testimony that the deceased looked before she left the curb; that the approaching bus was then about 125 feet away, and that deceased did not again look either way before she was struck. Defendant insisted that decedent was guilty of contributory negligence as a matter of law. Plaintiff, on the other hand, contended that decedent had correctly judged her ability to cross the street in ample time but failed to take into account that, though in plain sight, at a regular crosswalk, a bus would sud-

denly and without warning change its course and run her down within one and one-half feet of safety. In deciding between the two views, the court said: "We must accept as true all evidence tending to support the verdict and must indulge in favor of plaintiff's intestate every inference that can reasonably be drawn from the evidence." The Court further said: "It is the duty of the driver of a vehicle to yield the right of way to a pedestrian crossing within an unmarked crosswalk at an intersection. (Cal. Veh. Code, Stat. 1935, sec, 560, p. 188.) * * * At the time she started across the street Mrs. Schulman had the right to assume that the bus driver would obey the law and drive in a proper manner."

In *Crossby* v. *Canino*, 84 Colo. 225, 268 Pac. 1021, plaintiff alighted from a streetcar and instead of going to the right to the curb, stood in the street to let the streetcar pass. She then turned left to cross the streetcar tracks to the opposite side of the street. While standing on the streetcar track to permit a streetcar, going in the opposite direction, to pass, she was struck by defendant's truck coming from the rear. The court held, in passing upon a traffic ordinance, that she had a right to assume, in the absence of reasonable grounds to think otherwise, that others would perform their duty and obey the traffic regulations.

In *Skovronski* v. *Genovese*, 124 Conn. 482, 200 Atl. 575, plaintiff had a clear view of the street for a quarter of a mile easterly from the crosswalk. Before leaving the curb to cross the street, at about 8:00 P.M. in November, she looked both ways and did not see any automobiles approaching from any direction, and proceeded across the street without again looking to observe traffic conditions, and did not see defendant's car before it struck her. In the Supreme Court it was contended plaintiff, because she did not again look for approaching traffic while proceeding across the street, should be adjudged guilty of contributory negligence as a matter of law. In affirming the judgment

for the plaintiff, the court held that she was entitled to assume that the defendant would proceed with reasonable care as to the situation and with due regard to the rights of pedestrians traversing crosswalks. It was also held that plaintiff's failure to look again was not so palpably contrary to the conduct of a reasonably prudent person as to render the question one of law, but it remained one of fact for the jury.

In *Swan* v. *Dailey-Luce Auto Co.* 225 Ia. 89, 277 N.W. 580, plaintiff, 77 years old, at 10:00 P.M., before crossing a street, looked both ways and saw no car approaching and before he had entirely crossed the street he was hit by defendant's car. Plaintiff did not again look up. The court held that a person crossing a street is not required to anticipate negligence on the part of another, but is justified in assuming that the other will not violate the law.

In *Thursby* v. *O'Rourke*, (Md. 1942,) 23 Atl. 2d. 656, the Supreme Court of Maryland held that at street crossings the greater degree of care is required of motorists, and between crossings the greater degree of care is required of pedestrians.

In *Sherrard* v. *Werline*, 162 Ore. 135, 91 Pac. 2d 344, in passing upon a statute to all intents and purposes the same as ours, the court held that a pedestrian has a right to assume, in the absence of information to the contrary, that all cars will conform to the requirements of the law.

In *Morris* v. *Shortline Motor T. Co.* 348 Pa. 117, 34 Atl. 2d 534, the Supreme Court of Pennsylvania held that a pedestrian crossing a highway on a regular crosswalk has a right to rely on the assumption that a vehicle operator will use ordinary care to protect him, and the mere failure to anticipate the negligence of another does not preclude a recovery of damages for injuries sustained. To like effect is *Hadley* v. *Simpson*, 9 Wash. 2d 541, 115 Pac. 2d 675.

The generally accepted rule is that while a statute such as ours gives pedestrians the right of way, it does not

confer upon them an advantage which necessarily absolves them from guilt of contributory negligence. Each case must be determined from its particular facts. The question of contributory negligence is one which is pre-eminently for the consideration of a jury. It cannot be defined in exact terms and unless it can be said that the failure of the plaintiff to look again was so palpably contrary to the conduct of a reasonably prudent person as to show contributory negligence, the issue is one for the jury. (*Blumb* v. *Getz,* 366 Ill. 273.) Whether failure to look was shown and constituted, in this case, want of due care, was an issue of fact for the jury. *Morrison* v. *Flowers,* 308 Ill. 189.

The rule seems to be quite universal that a pedestrian's failure to keep a constant lookout, or to look again after having determined that he can safely cross ahead of approaching traffic, is not contributory neglegence as a matter of law but it is a question for a jury whether he was in the exercise of ordinary care for his own safety. *Long Transportation Co.* v. *Domurat,* 93 Fed. 2d. 23; *Young* v. *Tassop,* 47 Cal. App. 2d 557, 118 Pac. 2d 371; *Lawler* v. *Gaylor,* 233 Iowa, 834, 10 N. W. 531; *Chevalley* v. *Degan,* (Ohio App. 1943,) 52 N. E. 2d. 544; *Reir* v. *Hart,* 202 Minn. 154, 277 N. W. 405.

Our conclusion, from the language of the act and the authorities cited, is that the right-of-way statute does not give a pedestrian, on a crosswalk, the right of way over all vehicles on the street under any and all circumstances. Each case must be considered in the light of the facts and circumstances surrounding it. The pedestrian's right of way is not absolute because both he and the vehicle happen to be on the street at the same time. In this case appellant saw cars approaching from the west, about a block away. She had every reason to believe that the drivers of those cars knew they were approaching a cross street, where pedestrians and vehicles might be crossing; that the drivers

would have their cars under control so as to avoid collision with any object and especially so as to yield the right of way to pedestrians rightfully on the crosswalk, as provided by statute. Whether her subsequent conduct constituted contributory negligence which would preclude a recovery of damages, was a question for the jury, and the Appellate Court erred in finding that appellant was guilty of contributory negligence as a matter of law.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to pass upon other points there raised.

*Reversed and remanded, with directions.*