Gregory P. Wegler, a Minor, by Leila I. Wegler, His
Mother and Next Friend, Plaintiff-Respondent, v. E.
Fred Luebke, Defendant-Petitioner.

### Gen. No. 66–123.

Second District.

October 4, 1967.

Rehearing denied November 28, 1967.

Rathje, Woodward & Dyer, of Wheaton, for appellant.

Peregrine, Stime & Henninger, of Wheaton, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

On May 20, 1964, eleven-year-old Gregory P. Wegler, referred to as plaintiff herein, was riding his bicycle to a Little League baseball game. He was traveling north on West Avenue in Elmhurst, Illinois, and as he was

making a left turn to cross the southbound lane of traffic to enter the park, he was struck by defendant's southbound automobile.

Suit was filed for the boy's injuries in a complaint which charged negligence and freedom from contributory negligence in one count and wilful and wanton misconduct and freedom from contributory wilful and wanton misconduct in the second count.

At the conference on instructions the plaintiff contended that there was no evidence of any contributory wilful and wanton misconduct on the part of the plaintiff and therefore the instructions as to the wilful and wanton count should omit reference to the possibility of plaintiff's contributory wilful and wanton misconduct. The trial court ruled against plaintiff at the conference, refused plaintiff's instructions which omitted the contributory wilful and wanton issue, gave a court's instruction which stated the issues in the pleadings (including the issue of contributory wilful and wanton misconduct) and gave defendant's instructions defining contributory wilful and wanton misconduct along with stating the propositions to be proved by the plaintiff.

After a general verdict of not guilty and an appropriate post-trial motion, the trial court determined that error had been committed by the giving of the instructions regarding contributory wilful and wanton conduct and granted a new trial.

We allowed this petition for leave to appeal and the case comes before us on the sole question as to whether or not the trial court should have instructed the jury on the issue of the defendant's wilful and wanton conduct and the plaintiff's contributory wilful and wanton conduct.

The evidence pertaining to the facts of the accident came from three witnesses; the plaintiff, the defendant and a police officer.

The police officer who investigated the accident testified that the boy was found about forty-eight feet south of the automobile skid marks and that the bicycle had already been moved. He stated that at the police station he tested the brakes on defendant's automobile and noticed the pedal went all the way to the floor. He hit the pedal several additional times with the same result. He then pumped the brakes and noticed at that time that the pedal came within one inch from the floor.

The eleven-year-old plaintiff testified that he was a member of a baseball team and was on his way to play a game at 6:00 o'clock in the evening; that the park was located about two miles from his home on the west side of West Avenue; that he was wearing a team uniform and had a baseball glove on the handlebars of his bicycle; that he was wearing Little League baseball shoes with rubber cleats; that as he proceeded north on West Avenue there was a train crossing the Illinois Central tracks; that the bells were ringing and four or five cars had already stopped; that he brought his bicycle to a stop near the crossing gate; that after the train passed by he proceeded ahead riding at the extreme right-hand edge of the northbound lane; that several northbound cars which had stopped for the train passed on ahead; that as he approached the park another northbound car passed him and was some fifty or sixty feet ahead of him when he crossed the center line.

He testified that he did not look for oncoming traffic before he turned but as he crossed the center stripe he saw a glimpse of defendant's southbound car just a little before the impact. His next recollection was lying in the street after the accident. There was a sidewalk on the east side of the street and curbing at the edge of the street. There was no sidewalk on the west side of the street. The boy had never been told to ride on the sidewalk at this location. The boy acknowledged that there

was nothing in front of him to obstruct his view to the north for oncoming traffic. He testified that he had made a left-hand turn signal with his arm before making the turn.

The defendant was twenty-nine years old and employed in Chicago. He owned a 1958 Chevrolet automobile which had registered approximately fifty thousand miles at the time of the collision. He testified that he had new brake linings put on in Chicago a year and a half before the accident and the other part of the brakes were checked at that time. He stated that six months before the accident his brakes were adjusted at a filling station and he did not notice anything unusual about his brakes. After the accident he continued to drive the car without noticing any need for repairs to the brakes.

The accident happened while on his way home from work taking his usual route. He had been southbound on West Avenue for a block and a half and was traveling at the posted speed limit of twenty-five miles per hour. There was a car about 200 feet ahead of him. He observed several northbound vehicles and, after the last of the cars passed, he saw the boy northbound about fifty feet away. He saw the boy turn sharply in front of him and he applied his brakes. He left twenty-seven feet of skid marks and brought the car to a halt after striking the boy. He said his car traveled a few feet after contact before it came to a stop and that in his opinion the vehicle was moving about five miles an hour at the time of the impact.

 A minor over the age of seven is required to use that degree of care which a reasonably careful person of the same age, intelligence, capacity and experience, would exercise under the same or similar circumstances, Wolczek v. Public Service Co., 342 Ill 482, 497, 174 NE 577 (1931); Skaggs v. Junis, 27 Ill App2d 251, 260, 169 NE2d 684 (1960). A minor over the age of seven, may thus, under certain circumstances, be guilty

86

of negligence or contributory negligence. It follows that, under certain circumstances, a minor over the age of seven may be guilty of wilful and wanton or contributory wilful and wanton misconduct. The question here is whether, under the circumstances of this case, the eleven-year-old plaintiff's actions were such as to present a question of fact for the jury to determine with reference to wilful and wanton contributory conduct.

■■ We do not hold an eleven-year-old on a bicycle to the same standard of care as an adult motorist. Conway v. Tamborini, 68 Ill App2d 190, 197, 215 NE2d 303 (1966). However, when a child over seven is old enough to use a bicycle on the public roadways as a means of transportation he is under the duty to refrain from conduct which, by reasonable standards, would be considered negligent or wilful and wanton, as the case may be, in the light of the minor's age, experience and capacity.

■ The making of such a determination is a function for the jury unless the facts are so clear as to justify a decision as a matter of law by the court. We do not feel the facts of this case justify taking the issue from the jury.

■ Here the boy crossed the northbound lane and was entering the southbound lane before making any effort to observe oncoming traffic. Such conduct by an adult motorist would clearly raise a wilful and wanton conduct question. City of Lake Forest v. Janowitz, 295 Ill App 289, 293–294, 14 NE2d 894 (1938); Schachtrup v. Hensel, 295 Ill App 303, 313, 14 NE2d 897 (1938); Willmann v. Jargon, 37 Ill App2d 380, 382, 185 NE2d 702 (1962). We do not feel that the case of an eleven-year-old bicycle rider is so different as to require a different ruling as a matter of law. The finding of the jury should stand and the order for a new trial should be reversed.

Reversed.

DAVIS, P. J. and ABRAHAMSON, J., concur.