DENISE BERTAGNOLLI, a Minor, by Albert Bertagnolli, Her Father and Next Friend, Plaintiff-Appellant—(CHERYL M. DUFNER, A Minor, by Carolyn Dufner, Plaintiff,) *v.* DALE AMBLER *et al.,* Defendants-Appellees.

(No. 11883;

Fourth District—April 12, 1973.

McGrady and Madden, of Gillespie, (D. A. McGrady, of counsel,) for appellant.

Reed, Armstrong, Gorman and Coffey, of Edwardsville, (Harry C. Armstrong, of counsel,) for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by one plaintiff from a judgment of the circuit court of Macoupin County entered on the verdict of the jury finding for the defendants and against both plaintiffs. The two twelve-year-old plaintiffs brought an action against the defendants for injuries sustained when the bicycle operated by Dufner and on which plaintiff Bertagnolli was a passenger collided with the defendants' truck on S.B.I. Route 4 near Gillespie. Bertagnolli alone appeals from the judgment entered on the verdict after a denial of her motion for new trial.

■■ On appeal, the plaintiff contends that the trial court erred in refusing to give her instruction # 14 (IPI.11.02) which stated: "The issue of contributory negligence does not apply to plaintiff, Denise Bertagnolli." We are thus asked to hold as a matter of law that Bertagnolli was not guilty of contributory negligence. To do so under the facts in this case flies squarely into the rule that "* * * [B]etween the ages of seven and fourteen the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child. (318 Ill. 149, 150.)" (*Dickeson v. B & O Chicago Terminal R.R. Co.*, 42 Ill.2d 103, 107, 245 N.E.2d 762.) It seems clear that plaintiff's position as a passenger on a borrowed bicycle operated by the other plaintiff imposed upon her a certain standard of care. A question of fact existed as to the plaintiff's contributory negligence and reasonable minds could well have differed on that question. *Pizano v. Trejo*, 2 Ill.App.3d 944, 274 N.E.2d 861.

Defendant was driving his employer's pickup truck in a northerly direction on a two-lane preferred highway. Plaintiff was hit when the bicycle on which she was a passenger pulled onto Route 4 from a side road from the west. Defendant estimated his speed at between 40-45 mph. He was carrying a compressor on the back of the truck and this had some effect on the steering of the vehicle. He first noticed the girls on the bike when he was at a distance somewhere between 100-200 feet south of the point of impact. They were just entering the west side of Route 4. Defendant hit his brakes after determining that he couldn't veer around the girls. He did not recall whether or not he sounded the horn. When he hit the brakes, the girls were in the middle of the southbound lane. At the time of the impact, the back wheel of the bicycle was approximately on the center line of the highway. It was a clear, dry day. The middle right side of the truck hit the back half of the bicycle. When the defendant hit the brakes, the truck slid sideways and at the point of impact was headed west.

The testimony of both girls indicated that they entered a side road on the west side of the highway and there turned around at a stop sign and looked both ways before entering the highway. The plaintiff passenger testified that the next thing she knew the truck was on them when they reached the north lane of the highway. She did not remember a horn being sounded nor did she see the defendant's truck until immediately before the impact. The passenger was riding behind the driver of the bicycle.

■■ The driver stated that the truck was called to her attention when Bertagnolli screamed when the truck was practically upon them. She also testified that she looked both ways before entering the intersection and didn't see a truck coming. From this testimony it is abundantly clear that if they looked, they didn't see or if they saw, they ignored the oncoming truck which patently had to be in their vision sometime before the impact. Under such circumstances, it seems clear that the instruction tendered could not have been properly given as its giving as to this plaintiff would have amounted to holding as a matter of law that her conduct was free from contributory negligence.

■■■ In addition, plaintiff's instruction No. 10 read: "A minor is not held to the same standard of conduct as an adult. When I use the words 'ordinary care' and 'contributory negligence' with respect to the plaintiffs, I mean that degree of care which a reasonably careful minor of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence. The law does not say how such a minor would act under those circumstances. That is for you to decide." This correctly states the law. Accordingly, the jury was properly instructed under the facts in this case. They could properly and may have found under their general verdict that the plaintiff was guilty of contributory negligence for failure to exercise that degree of care which a reasonably careful minor of the same age, mental capacity and experience should have exercised. It is abundantly clear that for somewhere between 100-200 feet from this intersection the truck was in the vision of both girls. Under these circumstances, the trial court did not err in refusing the tendered instruction on contributory negligence. It gave the correct instruction on this issue and the jury had the right to follow it. The denial of the motion for new trial and the judgment on the verdict were accordingly appropriate and are affirmed.

Judgment affirmed.

CRAVEN, P. J., and TRAPP, J., concur.