BEKINS VAN LINES, INC., Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

(No. 60364;

First District (4th Division)—October 8, 1975.

*Rehearing denied December 10, 1975.*

Paulson & Ketchum, of Chicago (James P. Whitney, of counsel), for appellant.

Francis J. Mullen, Sal M. Bianchi, Damien Wren, and John J. O'Toole, all of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Bekins Van Lines, Inc., commenced this action for property damages sustained when the overhead trolley wires belonging to the defendant, Chicago Transit Authority (hereinafter referred to as C.T.A.) came in contact with the roof of the plaintiff's tractor-trailer unit, setting fire to the trailer and its contents. The original complaint contained two counts, count I alleged general negligence, while count II pled a violation of the "Structural Work Act" (Ill. Rev. Stat. 1973, ch. 48, par. 60). On defendant's motion, the second count was stricken and the cause proceeded to trial on count I.

At the close of the plaintiff's evidence, plaintiff, after obtaining leave of court, filed an amendment to the complaint in which the *res ipsa loquitur* doctrine was posited. Also, at the close of the plaintiff's evidence and on defendant's motion, the court directed a verdict and entered a judgment for the defendant, finding that the plaintiff was not free of contributory negligence as a matter of law and that the proof was insufficient to proceed with the trial under the *res ipsa loquitur* contention. The plaintiff appeals the court's decision, contending it was error to remove the case from the jury on the contributory negligence count and that the proof was sufficient to proceed with the trial under the *res ipsa loquitur* doctrine.

The record reveals that on July 24, 1970, the plaintiff's agent, one William Hurlimann, an experienced truck driver for 23 years, was driving a semi-trailer truck westbound on Irving Park Road. The trailer involved in the instant case met the maximum height (13 feet 6 inches) allowable under State law. As Hurlimann, who was familiar with this route due to

previous excursions, was approaching a viaduct at Avondale Avenue, he was in the right lane. Cognizant of the fact that the viaduct was low and that he could not proceed in the right lane to clear the overpass, since the C.T.A. owned and operated trolley wires sloped downwards, he stopped his truck about 60 to 70 feet from the viaduct and waited for the traffic in the left lane to subside. While waiting for the traffic to clear, a westbound C.T.A. trolley bus pulled up behind the plaintiff's trailer, whereupon Hurlimann became aware of a flash of light overhead. Upon being advised that the trailer roof was on fire, Hurlimann got out of the truck and noticed that the wires, which ran over only the right lane of westbound traffic, were a few inches above the nose of the trailer. Hurlimann proceeded to a Chicago Fire Department station where the fire was extinguished.

■■ We first consider whether the trial judge was in error in removing the case from the jury and finding the plaintiff guilty of contributory negligence as a matter of law. While the question of contributory negligence is ordinarily and preeminently one of fact for the jury (*Hardware State Bank v. Cotner*, 55 Ill.2d 240, 246, 302 N.E.2d 257, 261; *Green v. Brown*, 8 Ill.App.3d 638, 640, 291 N.E.2d 18, 19), such issue may be resolved by the trial judge provided a standard analogous to that applied on a motion for a directed verdict or a judgment *n.o.v.* is met. Courts have reiterated that contributory negligence becomes a question of law only when all reasonable minds would agree that, based upon the evidence and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff, a judgment in the plaintiff's favor would not be permitted to stand. *Orlandi v. Caraway*, 9 Ill.App.3d 628, 631, 293 N.E.2d 337, 338-39; see *Clausen v. Ed Fanning Chevrolet, Inc.*, 8 Ill.App.3d 1053, 1058, 291 N.E.2d 202, 206.

In light of the above legal precepts, we hold that the trial court erred in finding the plaintiff contributorily negligent as a matter of law. In the case at bar, there were two factual issues pertaining to the contributory negligence count that warranted jury resolution, namely, (1) whether the plaintiff's agent acted in a reasonable and prudent manner; and (2) did the C.T.A. trolley bus cause the fire. With regard to Hurlimann's conduct, it is undisputed that he was familiar with the area, that the trailer-truck had not been moving and was not touching the wires while in its stationary position. Although the plaintiff contends that Hurlimann made every reasonable effort to avoid coming in contact with the C.T.A. trolley wires, the C.T.A. maintains that from Hurlimann's experience, he should have known that the wires were not totally stationary and were subject to contraction due to heat, cold, wind and other factors. The adversaries also take issue over whether Hurlimann's action in stopping

60 to 70 feet east of the viaduct further evidenced his guilt of contributing to the accident since he was cognizant that the left lane was the only lane in which he could clear the viaduct. These points of controversy, coupled with the quandary over whether the C.T.A. trolley bus or something else caused the wires to come into contact with the trailer-truck concern matters that are within the province of the jury since questions over whether either party has observed the degree of care required by law are to be submitted as one of fact. (*Smith v. Bishop*, 32 Ill.2d 380, 383, 205 N.E.2d 461, 463.) We therefore conclude that the contributory negligence question is one of fact and the above enunciated standard regarding when contributory negligence is to be resolved as a matter of law is inapplicable to the instant case.

■■■ We also hold that the trial judge erroneously concluded there was not any evidence to permit the jury to consider the *res ipsa loquitur* doctrine. While the question of contributory negligence is generally within the province of the jury, the applicability of the *res ipsa loquitur* doctrine in a given case is a question of law which must be decided in the first instance by the trial judge. (*Drewick v. Interstate Terminals, Inc.*, 42 Ill.2d 345, 349, 247 N.E.2d 877, 879; *Cox v. Yellow Cab Co.*, 16 Ill.App.3d 665, 670, 306 N.E.2d 738, 742.) In doing so, the trial judge must ascertain whether three elements are met, namely, (1) that the damage or injury was caused by an agent or instrumentality within the control or management of the defendant, (2) such result was not due to any action of the plaintiff, and (3) such result is one that does not normally occur unless someone had been negligent. (*Drewick v. Interstate Terminals, Inc.*, 42 Ill.2d 345, 348, 247 N.E.2d 877,879; *Fugate v. Sears, Roebuck & Co.*, 12 Ill.App.3d 656, 671, 299 N.E.2d 108, 119.) Applying these elements to the instant case, it is undisputed that the C.T.A. exclusively owned, maintained, and operated the trolley wires which set fire to the plaintiff's truck. While the same arguments, as those proffered in the contributory negligence count, could apply to the question of whether the accident was due to any action by the plaintiff, the facts conclusively show that Hurlimann had stopped his truck on a public street where he ordinarily had a right to be. The street was neither controlled nor owned by the C.T.A. Moreover, there was not any testimony elicited from Hurlimann, either on direct or cross-examination, regarding whether he was cognizant of his truck touching the wires. Finally, the fire that resulted was something that does not normally occur unless someone had been negligent. Therefore, as the Supreme Court enunciated in *Metz v. Central Illinois Electric & Gas Co.*, 32 Ill.2d 446, 451, 207 N.E.2d 305, 308:

"Even though * * * [a defendant] may in a particular instance

be blameless, \* \* \* we believe that in view of its superior knowledge of the facts at hand and its responsibility to the community, it has the duty to come forward and make [an] explanation."

Since no one owned, maintained, or operated the trolley wires except the C.T.A., it had the superior knowledge of the facts at hand and it should be required to come forward and explain to a jury that it was blameless under all facts and circumstances.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

ADESKO and JOHNSON, JJ., concur.