HAROLD P. BAUGHER, JR., Plaintiff-Appellant, *v.* ROBERT G. WILLIS, Defendant-Appellee.

Fourth District   No. 13164

Opinion filed May 2, 1977.

J. Richard Meno, of Denby, Dobbs & Meno, of Carlinville, and Samuel S. Blane, of Petersburg, for appellant.

R. G. Heckenkamp, of Heckenkamp & Fuiten, of Springfield, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Menard County which granted a motion of the defendant, Robert G. Willis, for summary judgment against the plaintiff, Harold P. Baugher, Jr., who had brought an action to recover damages for injuries he sustained in the course of his employment as a farm hand for the defendant.

On November 6, 1972, the plaintiff lost a portion of his right foot when it became entangled with a revolving auger which was being used to elevate corn from a pit which had been dug into the ground and in which

corn had been deposited from farm wagons. The auger was operated by a power take-off attachment to a tractor.

The plaintiff had been an employee of the defendant for approximately two harvest seasons prior to the occurrence which resulted in his injury. The plaintiff was familiar with the operation of elevating the grain into the storage bin since this method had been used the entire time the plaintiff was employed by the defendant. In the fall of 1972 the plaintiff had been using this method for approximately 1 month prior to the day of the accident and on that particular day had unloaded approximately 20 wagons of grain.

The auger was portable and could be moved from location to location in order to fill the defendant's bins. A power take-off was located to the rear of a tractor and the drive mechanism of the auger was attached to the power take-off by universal joints. The other end of the auger was lowered into the pit into which the corn was dumped by the plaintiff raising a door (on a large wagon with two doors) which permitted the corn to fall into the pit. The rate of speed and amount of the corn so dumped into the pit was regulated by the raising and lowering of the wagon doors. Such raising and lowering was accomplished by turning a wheel on the doors. The auger (being 52 inches long and 8 inches in diameter) was entirely covered with the exception of the lower 3 feet. This portion of the auger had a protective device consisting of two 1-inch rods bent U-shaped so as to cover the 3-foot portion and the end of the auger. By the rods being so bent there were in effect four 1-inch rods equally spaced and running lengthwise along the lower 3 feet of the auger.

The farm wagon, tractor, auger, storage bin and all related mechanical devices were the personal property of the defendant and located on his real estate.

The auger could have been stopped by either turning off the tractor, the power source, or by disengaging the power take-off.

The plaintiff had been instructed in regard to the use of the auger and related equipment by the defendant. He had also been warned of the dangers of the equipment by the defendant, who cautioned him to keep his hands, feet and clothing out of the auger.

The plaintiff acknowledged that he was aware of the danger in using the auger but at approximately 4:30 p.m. on the day of the accident, while reaching a distance of approximately 2 feet for the purpose of shutting a door on a grain wagon, the plaintiff stepped into the revolving auger which was exposed since the pit was nearly empty. The plaintiff has no explanation as to how his foot became entangled in the auger, *i.e.*, whether he slipped, or the edge of the pit gave way. He admits that he permitted the auger to keep revolving as he walked around the edge of

the pit even though he could have pushed a lever disengaging the power take-off or cut off all power by turning the switch key on the tractor to an off position.

After the plaintiff filed his complaint, the defendant answered and then shortly thereafter filed a motion for summary judgment in which he alleged that there was no triable issue as to the existence of due care on the part of the plaintiff nor as to any negligence on the part of the defendant, and in support of said allegations incorporated certified transcripts of depositions of the plaintiff and defendant. The plaintiff moved to file a counteraffidavit and the motion was allowed and affidavit filed. The trial court granted the defendant's motion for summary judgment and this appeal ensued.

■■ After examining the record in this cause, which consists primarily of depositions and the plaintiff's counteraffidavit, we arrive at the inescapable conclusion that as a matter of law the plaintiff was not in the exercise of due care and caution for his own safety when he was injured and hence the judgment order of the trial court granting the defendant's motion for summary judgment should be affirmed.

We have set forth the factual situation concerning the plaintiff's work history with the defendant, and his experience with the equipment he was using. After examining the same it is clear that the plaintiff was familiar with the operation of unloading and transferring grain into storage bins. He had worked for the defendant for almost two complete harvest seasons before he was injured. During such period of time he used the same equipment and always operated it in the same method. The plaintiff had used the same equipment, always operated it in the same manner, for approximately 1 month prior to the date of his accident. On the day of his injury he had already unloaded approximately 20 wagonloads of grain before he had the unfortunate mishap of having his foot become entangled in the auger. The plaintiff knew that the auger was still running when he attempted to close the door of the grain wagon. Instead of turning off the auger he elected to permit it to continue running as he attempted to close the door. The auger as we have stated was equipped with a power take-off and the plaintiff was aware of the methods of stopping the running of the auger, to-wit, by the use of a lever which would disengage the power take-off from the auger or by shutting off the primary power source, the tractor, by turning a switch key. The plaintiff stated in his deposition that he could have shut off the power take-off before reaching over the auger and attempting to close the wagon door, but he chose not to do so.

■■ The plaintiff was seriously and permanently injured, but injury alone, no matter how serious, does not warrant recovery of damages when the injured party is guilty of being contributorily negligent. In the instant case the plaintiff contributed to his injury when he elected to

perform his job in a dangerous manner when safer choices were available to him. See *Reid v. Employers Mutual Liability Insurance Co.* (1973), 14 Ill. App. 3d 174, 302 N.E.2d 108.

In the case of *Ferguson v. Lounsberry* (1965), 58 Ill. App. 2d 456, 207 N.E.2d 309, we find a factual situation quite similar to the case now before us. In *Ferguson* the plaintiff was injured by a power-driven corn elevator when his clothing became entangled in the mechanism. The reviewing court found the plaintiff to be contributorily negligent and we set forth a portion of the opinion rendered in the case since we deem it pertinent to the issues presented to us in the instant case. The reviewing court in *Ferguson* stated:

> "His employer was in the field picking corn—plaintiff had a specific job to do—its manner and method rested in his sole judgment—he was in full charge of the operation. He could have shut off the equipment and picked up without incident. He chose not to do so. He could have picked up without bringing himself in contact with the moving equipment. In fact, he testified that he had many times picked up with the equipment moving. Obviously, it was without previous incident and without personal contact with the equipment. The conclusion is inescapable that he inadvertently, unthinkingly, heedlessly, or carelessly brought his clothing into contact with the equipment. We do not facetiously say that he reached out toward it; it did not reach out toward him; his was an affirmative and voluntary action. The facts are undisputed. We would abjure our responsibilities if we did not say as a matter of law that the plaintiff was not in the exercise of due care and caution for his own safety." *Ferguson v. Lounsberry* (1965), 58 Ill. App. 2d 456, 462-463, 207 N.E.2d 309, 312.

■■ In the reply brief filed by the plaintiff he indirectly questions the granting of a motion for summary judgment on the basis of information gained from discovery depositions by calling attention to the fact that the cases cited in the defendant's brief were all cases which involved directed verdicts or judgments notwithstanding the verdict. This precise question was presented in the case of *Witzig v. Illinois Power Co.* (1969), 114 Ill. App. 2d 139, 251 N.E.2d 902, and the reviewing court held that admissions made by plaintiff in a discovery deposition are sufficient to establish contributory negligence as a matter of law.

For the reasons set forth the judgment of the circuit court of Menard County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.