DALE HARDY, Indiv. and as Father and Next Friend of James Hardy, a Minor, Plaintiff-Appellant, *v.* DARLENE SMITH, Defendant-Appellee.

Fourth District   No. 14750

Opinion filed July 7, 1978.

Manion, Janov & Edgar, Ltd., of Hoopeston (Rick E. Janov, of counsel), for appellant.

Sebat, Swanson, Banks, Lessen & Garman, of Danville (Ralph J. Swanson, of counsel), for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Can a 13-year-old minor be guilty of contributory negligence as a matter of law?

We say yes.

But let us see why.

■■ James Hardy was injured at the intersection of Attica Street and a north-south alley in Rossville, Vermilion County, Illinois. The alley meets the sidewalk on Attica Street at less than a 90° angle and a building closely borders the southeast corner of the alley and sidewalk. He was walking fast on the south side of Attica Street with a babysitter and his two younger sisters behind him. The foursome were on their way to an ice cream parlor.

James stopped at the intersection of the sidewalk and alley with his foot one inch east of the red curb. He looked south, then north, then south again. Looking south he could see all the way to the end of the alley. He then stepped into the alley where the right front wheel of defendant's automobile came to a stop on his foot. Defendant had stopped at a stop sign in the alley and was inching forward at a speed of a couple miles per hour. The accident occurred in late afternoon on a warm sunny day with good visibility.

Following discovery, defendant filed a motion for summary judgment. The trial court granted the motion finding James Hardy guilty of contributory negligence as a matter of law. On appeal, plaintiff argues that a child between the ages of 7 and 14 cannot be contributorily negligent as a matter of law.

■■ Contributory negligence is ordinarily and preeminently a question of fact for a jury (*Ballard v. Jones* (1974), 21 Ill. App. 3d 496, 316 N.E.2d 281), but it is a question of law when no contrary verdict could stand. (*Bekins Van Lines, Inc. v. Chicago Transit Authority* (1975), 33 Ill. App. 3d 996, 339 N.E.2d 507; *Shannon v. Addison Trail High School, District No. 88* (1975), 33 Ill. App. 3d 953, 339 N.E.2d 372.) The rule is stated with clarity in *Smith v. Bishop* (1965), 32 Ill. 2d 380, 383-84, 205 N.E.2d 461, 463:

> "The rule is elementary that if there is any evidence of contributory negligence on the part of the plaintiff a question of

fact is presented which must be left to the jury for determination. Whenever a question remains whether either party had performed his legal duty, or has observed that degree of care required of him by law, and its determination involves a consideration and weighing of the evidence, the question must be submitted as one of fact. But it is also the law that when all the evidence is considered in its aspect most favorable to the other party, together with all reasonable inferences, and it appears therefrom that there is no evidence from which negligence could reasonably be inferred, it is the trial court's duty to direct a verdict accordingly."

Whether a minor aged 7 to 14 is contributorily negligent is also for the jury to determine taking into consideration the age, capacity, intelligence, and experience of the child. (*Maskaliunas v. Chicago & Western Indiana R.R. Co.* (1925), 318 Ill. 142, 149 N.E. 23; *Bertagnolli v. Ambler* (1973), 10 Ill. App. 3d 983, 295 N.E.2d 279.) A child between the ages of 7 and 14 is presumed to be free of contributory negligence. (*McWethy v. Lee* (1971), 1 Ill. App. 3d 80, 272 N.E.2d 663.) However, this rebuttable presumption only creates a *prima facie* case and once evidence opposing the presumption comes into the case, the issue is determined on the basis of the evidence as if no presumption had ever existed. (*Diederich v. Walters* (1976), 65 Ill. 2d 95, 357 N.E.2d 1128.) If the trial court can say only one reasonable inference can be drawn from the facts, not only does the presumption cease to exist, but the question becomes one of law. *Heimann v. Kinnare* (1901), 190 Ill. 156, 60 N.E. 215.

Plaintiff here maintains that although not explicitly stated, *Maskaliunas* overruled *Heimann* so that a child's contributory negligence is always a question of fact. In *Heimann,* a 13-year-old boy went with his brother to a clay-hole to see if the ice was strong. He ran down a hill, jumped over the broken ice around the bank, slid out on the ice, and then went down and drowned. After first noting that if the evidence is conflicting as to whether the injured person was guilty of contributory negligence, the question should be left to the jury, but if the court can say that only one inference can be drawn from the facts, then the question becomes one of law. The court held that the trial court should have withdrawn the evidence from the jury and found for the defendant.

In *Maskaliunas,* a 7-year-old boy was injured when he attempted to climb onto a railroad car. The court observed that a properly fenced right-of-way might have served as an obstacle, notice or signal of danger, rather than a constant invitation to children frequenting an adjacent playground to use it as a thoroughfare. It was held that the culpability of a child between the ages of 7 and 14 was a question of fact for the jury, taking into consideration the age, capacity, intelligence and experience of the child. The fact that *Maskaliunas* followed the general rule certainly does not mean that all exceptions to that rule have been overruled.

The *Maskaliunas* court cited *Rasmussen v. Whipple* (1912), 211 Mass. 546, 98 N.E. 592, as authority for its proposition. In *Rasmussen*, the court stated that if the deceased minor had suddenly jumped out in front of the approaching car, his conduct would be condemned as careless. However, the court went on to note that:

> "But there were other versions of the conduct of the deceased which the jury apparently accepted and we cannot say as a matter of law that they were not warranted in doing so. Taking the evidence most favorable to the plaintiff, and recognizing that the standard of care by which the conduct of his intestate must be measured is not that of an adult but of the ordinarily careful boy of twelve years, we are of opinion that the case comes within the general rule that when a minor lawfully walking in the highway is run over by a vehicle, the question of his due care, as well as that of the negligence of the driver, is usually one of fact for the jury." (211 Mass. 546, 548-49, 98 N.E. 592, 593.)

Although the court did not believe the facts of its case warranted a finding of contributory negligence as a matter of law, it did not rule out the possibility.

■■ Likewise, while the courts in *Wegler v. Luebke* (1967), 87 Ill. App. 2d 82, 231 N.E.2d 109; *Moser v. East St. Louis & Interurban Water Co.* (1945), 326 Ill. App. 542, 62 N.E.2d 558; *Glassman v. Keller* (1937), 291 Ill. App. 262, 9 N.E.2d 589; and *Mindeman v. Sanitary District* (1923), 229 Ill. App. 354, all found that the facts of their cases did not justify taking the issue from the jury, they recognized that a minor can be contributorily negligent as a matter of law. Where contributory negligence does exist as a matter of law, summary judgment is a proper action. *Baugher v. Willis* (1977), 48 Ill. App. 3d 128, 362 N.E.2d 788; *Stambaugh v. Central Illinois Light Co.* (1976), 42 Ill. App. 3d 582, 356 N.E.2d 148.

Even if a child between the ages of 7 and 14 can be contributorily negligent as a matter of law, plaintiff contends the facts here do not support the trial court's finding to that effect. The uncontradicted testimony is that James Hardy looked all the way down the alley but did not see a car. He stepped forward and a car driven by the defendant came to a stop on his foot.

■■ One may not be absolved of the charge of contributory negligence by asserting he looked and did not see when if he had looked he would have seen. (*Payne v. Kingsley* (1965), 59 Ill. App. 2d 245, 207 N.E.2d 177.) Although this rule is inapplicable to cases involving defendants blinded by the lights of oncoming vehicles or by the sun (*Krause v. Henker* (1972), 5 Ill. App. 3d 736, 284 N.E.2d 300; *Snyder v. Robert A. Black, Inc.* (1964), 53 Ill. App. 2d 327, 203 N.E.2d 1), the accident in this case occurred in broad daylight with the sun to Hardy's back.

Plaintiff claims the building location, the built-up doorway, and the alley angle interfered with his ability to see. However, even though one may have to turn his neck farther to see, none of these items would obstruct the view down the alley itself. Furthermore, Hardy's own testimony was that he could see down the alley. Therefore, James Hardy should have seen the car.

The only other inference is that James Hardy did not look. In *Heidenreich v. Bremner* (1913), 260 Ill. 439, 103 N.E. 275, the court stated that it was settled law that " 'it cannot be said, as a matter of law, that a person is in fault in failing to look and listen if misled without his fault or where the surroundings may excuse such failure.' " (260 Ill. 439, 451, 103 N.E. 275, 280, *quoting from Chicago & Alton R.R. Co. v. Pearson* (1900), 184 Ill. 386, 56 N.E. 633.) In that case, a 13-year-old girl was struck by a team of horses at a busy street in Chicago. There was evidence that the horses were running fast, that people were waiting to take streetcars or cross the street, and that a band was playing music just before the accident.

The rule was repeated in *Moran v. Gatz* (1945), 390 Ill. 478, 62 N.E.2d 443:

> "The rule seems to be quite universal that a pedestrian's failure to keep a constant lookout, or to look again after having determined that he can safely cross ahead of approaching traffic, is not contributory neglegence [*sic*] as a matter of law but it is a question for a jury whether he was in the exercise of ordinary care for his own safety." (390 Ill. 478, 486, 62 N.E.2d 443, 446.)

Although the court held contributory negligence was primarily a jury question, it noted that it could also be a question of law:

> "The question of contributory negligence is one which is pre-eminently for the consideration of a jury. It cannot be defined in exact terms and unless it can be said that the failure of the plaintiff to look again was so palpably contrary to the conduct of a reasonably prudent person as to show contributory negligence, the issue is one for the jury." 390 Ill. 478, 486, 62 N.E.2d 443, 446.

■■ In the present case, other than the 13-year-old minor's desire to get to the ice cream parlor, there are no surrounding circumstances which would excuse his failure to look. The car was not traveling at an excessive speed, nor is there any evidence of a distracting atmosphere. Thus, although contributory negligence is preeminently a jury question, the trial court correctly found the minor contributorily negligent as a matter of law under the circumstances before us.

Affirmed.

GREEN, P. J., and CRAVEN, J., concur.