HELEN KENNEDY, a Minor, by Edward Kennedy, her Father, Guardian and Next Friend, Plaintiff-Appellee, *v.* LESLIE KISS, Defendant-Appellant.— (ALLSTATE INSURANCE COMPANY, Defendant-Appellee.)

First District (4th Division)    No. 79-1316

Opinion filed October 23, 1980.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Anthony J. Alholm and Stephen R. Swofford, of counsel), for appellant.

A. J. Hardiman, Ltd., of Chicago (A. J. Hardiman and Eugene C. Hardiman, of counsel), for appellee Helen Kennedy.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soderstrom, of counsel), for appellee Allstate Insurance Company.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The plaintiff, a minor, was struck by defendant's vehicle while crossing a busy highway. She recovered a judgment both for her injuries

and for the medical expenses incurred. The defendant has appealed, contending that (1) the plaintiff failed to prove her claim for medical expenses insofar as she failed to establish her parents' lack of contributory negligence and (2) the trial court improperly restricted the defendant's examination of the plaintiff as to her prior training and experience in crossing busy highways. We agree and reverse.

The plaintiff has appealed from the trial court's dismissal of an amended complaint against the defendant's liability insurer for the excess judgment. We find no error and affirm the dismissal.

The plaintiff alleged in her complaint that on July 4, 1974, she was struck by the defendant's automobile through his negligence. She alleged that she had been in the exercise of that same care which a reasonably careful minor of the same age, mental capacity and experience would use under the circumstances. She sought recovery for pain and suffering and mental anguish, medical expenses (although she was a minor) and loss of income due to her inability to follow her usual occupation. She further alleged that her parents had assigned their right to recover for medical expenses to her. She did not, however, allege that her parents had been free from contributory negligence.

Before the commencement of the trial, the trial judge ruled, over the defendant's protest, that the defendant could not inquire as to the plaintiff's training by her parents or as to their teaching the plaintiff proper ways to cross the street. He further barred any inquiry as to whether plaintiff had previously been involved in a car-pedestrian accident.

Five witnesses, all called by the plaintiff, testified at trial: the defendant, Leslie Kiss, Ray Silver, driver of another car, the plaintiff, Helen Kennedy, her father, Edward Kennedy, and Dr. Alvary. The latter's testimony related solely to the injuries suffered and the treatment thereof, all of which is irrelevant since there has been no objection to the amount of the awards.

The accident took place on Route 120, a two-lane highway with a yellow centerline, at approximately 7:30 p.m. on July 4, 1974. The defendant was traveling east at the time. He testified that he first saw the plaintiff when he was stopped about five or six feet away from her in heavy, stop-and-go traffic. Plaintiff was looking out from behind a truck stopped in the westbound lane. She then turned and went back out of sight. Defendant was able to see her head when she turned back, and to see her legs as she walked back, but only for a step or two. After that he could not see her since the truck was still blocking his view. His line of cars started to move again so he started up. He looked at the street as he was driving but she was not there. He was almost sure she had gone back to the side of the road because she had seen that the traffic was moving.

He did not see her again until she came running out in front of the car. As soon as he saw her, he put his foot on the brake and tried to turn his wheel to the right so as not to hit her. But the left side of the car struck her. At the moment of impact he was traveling approximately three or four miles an hour.

Silver testified that his automobile had been two vehicles behind defendant's car in the eastbound lane when the accident occurred. He stated that the traffic was medium and that the cars were all traveling about 20, 25 miles per hour and had not made any stops in the last 200 feet before the accident. He did not witness the accident itself. He had to make an emergency stop when the two cars in front of him did. Had he not applied his brakes quickly, he would have hit the car in front of him. It was his opinion that the car in front of him put on its brakes quite hard because the car in front of it, defendant's car, had put its brakes on quite hard. The court excluded testimony that Silver stated immediately after the accident that "in my opinion, this guy didn't do anything wrong."

The plaintiff testified that she was 7½ years old at the time of the accident. At that time she was about 4 feet tall and weighed 50 to 60 pounds. She lived on River Road, which intersects with Route 120 a half block from the scene of the accident. Living with her at the time were her father, mother, one brother and three sisters; her brother and sisters were all older than plaintiff.

On July 4, 1974, plaintiff left her home alone to go to a food store about one-half block away on the other side of Route 120 to get some candy. It was light and nice out. Plaintiff had been going to that store and an ice cream store on the same side of the street frequently ever since she turned seven. In response to defense questioning, plaintiff stated that she sometimes went to the store with her older brother and sisters. Plaintiff's attorney objected and moved to strike. At a conference in chambers, the court sustained the objection and ruled that the standard of care to be applied was what a child of the same age would do, not what she would have done if she had proper training, or what she was accustomed to do in the past. He agreed to allow questioning as to how often she crossed the street.

Plaintiff bought the candy and started to return home. She unwrapped the candy and started eating it when she left the store. She walked to the edge of the roadway. There was no sidewalk located there. There also was no intersection or crosswalk at the point where she chose to cross the highway.

At the edge of the road she looked to her left and her right. A car on her left stopped and waved her across. She ran to the middle of the road. She stopped there for about five or six seconds. She saw defendant's vehicle which was about three or four car lengths away. The car was

slowing down. She assumed it was going to stop and started to run across defendant's lane of traffic. She was hit by the front of defendant's automobile.

Plaintiff's father testified that Route 120 is an east-west, two-lane street cutting through the center of McHenry and is heavily traveled. There were several commercial establishments on Route 120 in the area of the accident, including a gas station, two restaurants, and an automobile parts store. There are no sidewalks, curbs or crosswalks in front of the grocery store where plaintiff went. He identified two exhibits which were introduced into evidence. One was an assignment to the plaintiff of the parents' right to recover medical expenses arising from the accident. The other was a hospital statement in the amount of $1,752.30 for plaintiff's stay in the hospital. The statement indicated that while plaintiff was the patient, the charge was billed to her father, not plaintiff, and was paid by Travelers Insurance Company.

A third exhibit introduced was a statement of services rendered by Dr. Alvary. The charges totaled $770. We have been unable to locate any evidence in the record tending to show whether this amount was paid, and, if so, by whom.

At the conference on instructions defendant tendered an instruction stating that there were two distinct claims, the child's and her father's for medical expenses and that if the jury should find the parent guilty of contributory negligence, that defense would be good as against the parent's claim but not the child's. The trial court refused the instruction.

The jury returned a verdict in the amount of $13,500 and the trial court entered judgment thereon. The jury also answered a special interrogatory finding the plaintiff not guilty of contributory negligence.

## I.

The defendant correctly contends that in order to recover for medical expenses the plaintiff was required to prove her parents' freedom from contributory negligence and failed to do so.

■■■ It is well established in Illinois that the parents of a minor child are responsible for the child's medical expenses. (Ill. Rev. Stat. 1973, ch. 68, par. 15: *Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444; *Bibby v. Meyer* (1965), 60 Ill. App. 2d 156, 208 N.E.2d 367; *Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211.) A minor is liable for necessaries only if the sale is on his own credit and not on the credit of another. (*Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211.) Since the obligation to pay medical payments is on the parent, the cause of action to recover for the medical expenses lies in the parent, not in the child. (*Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444; *Bibby v. Meyer* (1965), 60

Ill. App. 2d 156, 208 N.E.2d 367.) While the parents may assign their cause of action to the child, the assignee must prove that the assignor had a cause of action and the assignee is subject to any defense which might have been raised against the assignor. (*Rahn v. Beurskens* (1966), 66 Ill. App. 2d 423, 213 N.E.2d 301, *appeal denied* (1966), 33 Ill. 2d 628; Ill. Rev. Stat. 1977, ch. 110, par. 22(1).) Thus, a child cannot recover for medical expenses where the parent could not. (*Bibby v. Meyer* (1965), 60 Ill. App. 2d 156, 208 N.E.2d 367.) In *Bibby*, the defendant secured a release from the minor child and his mother, releasing him from all liability. Since the settlement had not been approved by the probate court, the child ignored the release and filed suit to recover damages for his injuries, including the medical expenses incurred. The court ruled that the cause of action for the child's medical expenses belonged to the mother and was barred by the release she had signed.

This rule is not affected by the fact that an insurance company paid at least part of the expenses since the payment of those expenses was to the benefit of the parents, who were liable for the expenses, rather than for the benefit of the child, who was not. (*Estate of Woodring v. Liberty Mutual Fire Insurance Co.* (1979), 71 Ill. App. 3d 158, 389 N.E.2d 211.) That the rendering of the medical services was not made on plaintiff's own credit is clearly shown by the fact that the hospitalization expenses, the only ones shown by the record to have been paid by the insurance company, were billed to the father, not to the plaintiff.

■■■ Since the cause of action for medical expenses lay in the plaintiff's parents, it was essential that the plaintiff both plead and prove that they were free from contributory negligence. This she has failed to do. Certainly we cannot assume that parents who allowed a 7½-year-old child to cross a heavily traveled highway alone were free from contributory negligence as a matter of law.

■■ The defendant has asked that we enter judgment for the defendant on the claim for medical expenses. Normally we might do so. However, an examination of the record fails to reveal that such relief was requested below. While the defendant during trial did move for a directed verdict, this was aimed at the total suit and not specifically at the claim for medical expenses. In the post-trial motion, the defendant only asked for a new trial as to this issue, not a directed verdict. Accordingly we cannot enter a judgment for the defendant here on the claim for medical expenses but must reverse and remand for a new trial on that issue.

## II.

The defendant is also correct in his contention that the trial court improperly limited evidence as to the plaintiff's contributory negligence. ■■ Where a minor is involved, the test of whether the plaintiff was

contributorily negligent is not a purely objective one: what a child of the same age would do. Rather, the test is both subjective and objective—the care and caution for his or her own safety that a child of plaintiff's age, intelligence, capacity and experience would exercise under same or similar circumstances. (*Shaver v. Berrill* (1976), 45 Ill. App. 3d 906, 358 N.E.2d 290, *appeal denied* (1977), 65 Ill. 2d 584; *Sramek v. Logan* (1976), 36 Ill. App. 3d 471, 344 N.E.2d 47, *appeal denied* (1976), 63 Ill. 2d 563; *Bertagnolli v. Ambler* (1973), 10 Ill. App. 3d 983, 295 N.E.2d 279; *Wegler v. Luebke* (1967), 87 Ill. App. 2d 82, 231 N.E.2d 109, *appeal denied* (1968), 38 Ill. 2d 628.) The child's training, including whether the child had been warned as to the dangers of the road or the need to cross only at a crosswalk, is relevant. (*Thomas v. Price* (1980), 81 Ill. App. 3d 542, 401 N.E.2d 651; *Shaver v. Berrill* (1976), 45 Ill. App. 3d 906, 358 N.E.2d 290, *appeal denied* (1977), 65 Ill. 2d 584; *Piechalak v. Liberty Trucking Co.* (1965), 58 Ill. App. 2d 289, 208 N.E.2d 379.) Moreover, since a minor must be judged not only by his age and capacity, but by his knowledge of the place and its dangers (*Atchison, Topeka & Santa Fe Railroad Co. v. Roemer* (1894), 59 Ill. App. 93; see *Thomas v. Price* (1980), 81 Ill. App. 3d 542, 401 N.E.2d 651), any evidence such as, on the one hand, involvement in prior pedestrian-vehicular accidents on the same highway, or, on the other hand, unfamiliarity with this or similar highways, which would tend to show the plaintiff's knowledge or ignorance of the dangers of crossing the highway, would be relevant.

■■ The case was a close one, and the jury could easily have found for either the plaintiff or the defendant. Clearly, therefore, the trial court's refusal to allow any evidence as to plaintiff's training, and its limitation of evidence as to her prior traffic experience, were prejudicial and the case must be reversed and remanded for a new trial.

### III.

■■ ■ We do not agree with the defendant that under the evidence presented at the trial the plaintiff was shown to be contributorily negligent as a matter of law. The question of contributory negligence is preeminently for the consideration of the jury (*American National Bank & Trust Co. v. Pennsylvania R.R. Co.* (1966), 35 Ill. 2d 145, 219 N.E.2d 529, *cert. denied* (1967), 385 U.S. 1035, 17 L. Ed. 2d 683, 87 S. Ct. 777; *Moran v. Gatz* (1945), 390 Ill. 478, 62 N.E.2d 443; *Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 394 N.E.2d 1241), unless the child's conduct was so palpably unreasonable as to show contributory negligence as a matter of law. (*Hardy v. Smith* (1978), 61 Ill. App. 3d 441, 378 N.E.2d 604.) While a pedestrian walking outside a crosswalk is required to yield the right-of-way to vehicular traffic (*Palausky v. Landers* (1978), 67 Ill. App. 3d 985, 385 N.E.2d 751), the fact that the plaintiff ran in front of the

defendant's car, while it may constitute some evidence of negligence, does not prove her negligent as a matter of law since she testified that she had been waved on by another driver, saw the defendant's car slow down and believed that he too was going to stop to let her pass. This is not a case like *Hardy v. Smith* (1978), 61 Ill. App. 3d 441, 378 N.E.2d 604, relied upon by the defendant, where the plaintiff allegedly looked but did not see the automobile which was immediately approaching. Nor was there evidence as there was in *Klimovich v. Crutcher* (1965), 57 Ill. App. 2d 444, 206 N.E.2d 723, also relied on by defendant, that there was a safe place nearby to cross the highway. Compare *Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 394 N.E.2d 1241.

## IV.

■■ ■ The defendant was insured by Allstate Insurance Company in the amount of $10,000. After the judgment was entered, the plaintiff filed an amended complaint directly against Allstate to recover the excess judgment. The court dismissed the complaint.

As we recently held in *Murphy v. Urso* (1980), 83 Ill. App. 3d 779, 404 N.E.2d 287, *appeal allowed* (1980), 81 Ill. 2d 593, a judgment creditor cannot recover an excess judgment from the insurance carrier absent an assignment from the insured since the insured owes no duty to the judgment creditor to settle the action. We wish to note, however, that Allstate is in error in relying on Illinois' prohibition of direct action suits. That doctrine is not applicable once a final judgment has been rendered against the insured. The doctrine merely prevents an injured party from suing the liability insurer to recover under the policy before a judgment has been entered against the tort defendant:

It is not clear from the order, however, whether the trial judge intended the dismissal of the complaint to be with or without prejudice. Accordingly, we modify the order to read that the amendment to the complaint is stricken without prejudice to her filing a suit against the insurer for the excess judgment assuming that on retrial she again recovers a judgment for more than the policy limits and assuming she receives an assignment of the insured's cause of action.

Accordingly, the judgment in favor of the plaintiff and against the defendant is reversed and that cause remanded for a new trial in accordance with this opinion. The judgment against the plaintiff in favor of Allstate Insurance Company is affirmed as modified.

Reversed and remanded in part; affirmed in part, as modified.

LINN, P. J., and JOHNSON, J., concur.