William E. Moyers, Plaintiff-Appellee, v. Chicago & Eastern Illinois Railroad Company, a Corporation, Defendant-Appellant.

Gen. No. 63–O–34.

Fourth District.

October 22, 1963.

Rehearing denied November 13, 1963.

August L. Fowler, of Marion, and Hart & Hart, of Benton (P. C. Mullen and Frank E. Glowacki, of Chicago Heights, of counsel), for appellant.

Elmer Jenkins, of Benton, for appellee.

SCHEINEMAN, J.

This is a crossing accident case involving a collision between a truck and a train in which the driver sustained injuries. A jury returned a verdict for $65,000 upon which judgment was entered, and the railroad brings this appeal.

The testimony in the case is highly conflicting; almost everything testified to by any witness was contradicted by others. The testimony of a number of witnesses for the defendant, if believed, would tend to prove contributory negligence on the part of plaintiff. In this state of the record, the defendant tendered the following special interrogatory:

"Do you find from the evidence that at and immediately prior to the collision in question the plaintiff was guilty of any contributory negligence which was a proximate cause of said collision?"

The conduct of the plaintiff at the time specified was an issue in the case. The interrogatory was tendered and considered during the conference on instructions, but the court sustained an objection to it and refused to give it. The plaintiff's objection is reported as follows:

"I want to object to the offering of this interrogatory. It's covered by the instructions and will be included in their verdict."

This objection is without merit. No matter how completely and accurately the jury is instructed, this is no ground for objection to a proper interrogatory, and, since the interrogatory must be on an ultimate issue of fact, it always is covered by the general verdict. The important point is, that the answer to the special interrogatory controls the general verdict and will nullify the verdict if inconsistent therewith.

Section 65 of the Practice Act provides that the jury may be required by the Court "and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing."

It is uniformly held that this provision of the statute is mandatory and the court has no discretion to refuse the request if it is on a material ultimate fact. Jones v. Phillips, 349 Ill App 393, 110 NE2d 758; Todd v. Borowski, 25 Ill App2d 367, 166 NE2d 296; Millsap v. Central Wisconsin Motor Transp. Co., 41 Ill App2d 1, 189 NE2d 793.

These cited cases also clearly demonstrate that the negligence of a defendant and contributory negli-

gence of a plaintiff are material ultimate facts. The tendered interrogatory and accompanying instructions should have been given. For this reason the judgment is reversed and the cause remanded for a new trial. Other assignments of error do not present points of sufficient merit to require inclusion in this opinion.

Reversed and remanded.

CULBERTSON, PJ and HOFFMAN, J, concur.