**Gloria ELSTON, Plaintiff-Appellant,**

v.

**Larry MORGAN and Clarence A. Brown, Defendants-Appellees.**

**No. 18364.**

United States Court of Appeals, Seventh Circuit.

March 9, 1971.

48

Edward J. Kionka, Champaign, Ill., John E. Norton, Belleville, Ill., James Koester, St. Louis, Mo., for plaintiff-appellant.

David B. Stutsman, Walker & Williams, East St. Louis, Ill., for defendants-appellees.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge and CAMPBELL, Senior District Judge.*

CAMPBELL, Senior District Judge.

This diversity tort case results from a collision of an automobile driven by plaintiff-appellant, Gloria Elston with a truck owned by defendant, Larry Morgan operated by his employee, defendant Clarence Brown.

The collision occurred at 6:30 P.M. on January 5, 1967. It was clear, dry and dark. Plaintiff was travelling east on Route 50 in St. Clair County, Illinois approaching the intersection of Route 111, a north-south road crossing Route 50 at right angles. Defendant Brown, driving a semi-truck tractor pulling a loaded trailer weighing a total of 72,834 pounds, was proceeding in a westerly direction in the curb lane of Route 50 also approaching the intersection. The truck was in good mechanical condition. The intersection was regulated by ordinary traffic lights and was in a busy rural area. The speed limit on Route 50 was 65 miles per hour except that in the vicinity of the intersection it was posted at 45 miles per hour.

Plaintiff approached the intersection in the left east bound lane of Route 50 preparing to turn north onto Route 111.

The traffic light was green as she approached. Two cars turned left ahead of her, the first just as the light turned yellow and the second on the yellow light. As she reached the intersection she saw defendants' truck approaching from the east. She entered the intersection on the yellow light and continued her turn left. As she completed her turn to go north on Route 111, her automobile was struck by defendants' westbound truck. Various witnesses testified that the truck was moving at a speed of between 35 and 50 miles per hour prior to the impact. Plaintiff sustained serious head injuries resulting in substantial permanent disability.

The case was tried to a jury. The following special interrogatory was submitted to the jury together with the general issue:

"Do you find from the evidence that at and immediately prior to the collision in question, the plaintiff was guilty of any contributory negligence which was a proximate cause of the collision?"

The parties stipulated to a sealed verdict. The jury returned a general verdict for plaintiff in the amount of $500,000.00, the full amount asked in the complaint, but answered the special interrogatory in the affirmative. The trial court entered judgment for defendants on the basis of the jury's answer to the interrogatory and denied plaintiff's post trial motion for a new trial.

Plaintiff's primary contentions on appeal relate to the form of the special interrogatory and to the procedures surrounding its use. Specifically, plaintiff argues that the form of the interrogatory was improper; that it was submitted to the jury under the mistaken belief that it was mandatory that it be given; and that the district court, acting under a fundamental misunderstanding of its powers and duties, erred in the procedure by which it entered judgment for defendants on the verdict.

* Senior Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

As to the form of the interrogatory, we first observe that this specific interrogatory is submitted almost routinely in Illinois and has frequently over many years been approved by the courts of that State. Sutton v. Peoples Gas Light and Coke Company, 119 Ill.App.2d 471, 256 N.E.2d 19 (1970); Moyers v. Chicago and E. I. R. Co., 43 Ill.App.2d 316, 193 N.E.2d 604 (1963); Krieger v. A. E. & C. R. R. Co., 242 Ill. 544, 90 N.E. 266 (1909).

■ Plaintiff acknowledges the general use of the interrogatory, but objects to the use of the word *"any"* contributory negligence and argues that this may be implied to impose a different and stricter standard than "reasonable care and caution" as contained in the general instructions. The jury was specifically instructed however, that want of reasonable care on plaintiff's part is called contributory negligence. We find no error in the use of the word "any" in the special interrogatory.

Plaintiff next argues that the interrogatory was submitted by the district court under the mistaken belief that it was required by Illinois law to submit the interrogatory, and had no discretion in the matter. See Moyers v. Chicago and E. I. R. Co., 43 Ill.App.2d 316, 193 N.E.2d 604 (1963).

■ We first note that there was no objection to the proposed interrogatory being submitted to the jury.[1] Regardless of the reasons or motives of the district court in submitting the interrogatory, it was clearly not an abuse of discretion to do so.

■ As has been so often stated in the past, the use and form of special interrogatories by federal courts sitting in diversity cases is governed by rule 49 of the Federal Rules of Civil Procedure and not by state law or practice, and is a matter particularly within the sound discretion of the trial judge. As stated by Judge Duffy speaking for this court in Tillman v. Great American Indemnity Co. of New York, 7 Cir., 207 F.2d 588, 593 (1953):

> "[i]n the submission of a special verdict or interrogatories to accompany a general verdict, federal courts are governed by Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A., and not by the law of the State. In Cohen v. Travelers Ins. Co., 7 Cir., 134 F.2d 378, 384, we held that the submission of special interrogatories was a matter of procedure and was discretionary with the trial court. In Marcus Loew Booking Agency v. Princess Pat., 7 Cir., 141 F.2d 152, 154, we held that Rule 49(b) is permissive, not mandatory, and whether the court will submit special interrogatories is within its sound discretion. See also: Mead v. Cochran, 7 Cir., 184 F.2d 579, 582."

■ Finally, plaintiff argues that the district court either refused to exercise its discretion or abused its discretion in denying plaintiff's motion for new trial under Rule 49(b), which provides that where the jury's answers to interrogatories are inconsistent with the general verdict the court has discretion to: (1) enter judgment in accordance with the answers, notwithstanding the general verdict; (2) return the jury for further consideration of its answers and verdict; or (3) order a new trial. Rule 49 of course contemplates that there will be situations where answers to special interrogatories will be inconsistent with the general verdict. It is the responsibility of a trial judge to resolve the inconsistency in one of the three ways set forth above. The court's action in this case, entering judgment in accordance with the answer to the interrogatory, is entirely consistent with the evidence. Certainly, it was not error to do so.

---

1. Plaintiff objected only to the word "any" as discussed above. In fact plaintiff submitted the same interrogatory to the court omitting only the term "any."

It is clear from the facts of record herein, that plaintiff under Illinois law was properly found guilty of contributory negligence by this jury. It is, of course, regrettable that the State of Illinois here bars one of its citizens so seriously injured from any recovery whatsoever simply because of its continued adherence to this cruel and antiquated doctrine, inherited long ago from the courts of England and long since discarded by that country. The harsh Illinois doctrine of contributory negligence barring any recovery was recently again before the Supreme Court of Illinois in Maki v. Frelk, 40 Ill.2d 193, 239 N.E.2d 445 (1968). In that case the majority opinion recognized that the doctrine should be discarded in favor of a more modern comparative negligence doctrine, but felt compelled to defer to the legislature to make the change. The excellent dissenting opinion written by Mr. Justice Ward, with Mr. Justice Schaefer concurring, took the position that the contributory negligence doctrine was judicially created in Illinois and that therefore the court had the responsibility to make the change. In his dissent, the learned Justice stated:

"I am unpersuaded by the argument that there are practical considerations which dictate a retention of the contributory negligence rule. We are told that the adoption of comparative negligence would increase litigation and court congestion, encourage negligent driving and cause insurance rates to be raised. The reply to such 'practical' argument is that the dominating questions before our court are whether the old rule contended for is one often of harshness and unfairness and whether the rule proposed for adoption would better serve to attain more just dispositions in negligence cases. The so-called practical considerations advanced must properly be considered as subordinate to the primary concern for more just judicial dispositions of these cases. Secondly, and persuasively, the evidence assembled of life under a comparative negligence form fails to confirm the fears expressed by the defendant and the *amicus.* See Maloney, From Contributory to Comparative Negligence: A Needed Law Reform, 11 U.Fla.L.Rev. 135, 162 (1958); Bress, Comparative Negligence, 43 A.B.A.J. 127, 130 (1957); Peck, Comparative Negligence and Automobile Liability Insurance, 58 Mich.L.Rev. 689, 726 (1960); and Rosenberg, Comparative Negligence in Arkansas Before and After Surgery, 13 Ark.L.Rev. 89, 108 (1959)." 40 Ill.2d at 203–204, 239 N.E.2d at 451.

Indeed in our own Circuit, Wisconsin, with its enlightened comparative negligence doctrine has completely confirmed the conclusion of Mr. Justice Ward in rejecting the so-called "practical" arguments against the adoption of a comparative negligence standard by Illinois. Although it is to be hoped that the Illinois Legislature or the Illinois Supreme Court may soon heed Justice Ward's admonition and consider anew whether the best interests of its citizens are served by permitting such unfortunate results as are presented here, it is beyond our power to do anything but follow the existing law of Illinois as was done by the trial judge.

The case before us presents no other substantial questions and accordingly the judgment of the district court should be and is affirmed.