ALMA GREEN, Plaintiff-Appellee, *v.* HARVEY BROWN *et al.*, Defendants-Appellants.

(No. 56817; ■■■■■■■■)

First District—November 15, 1972.

Herbert F. Stride, of Chicago, (J. Patrick Craddock, of counsel,) for appellants.

Phillip E. Blecher, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In this action, the plaintiff, Alma Green, is seeking damages for personal injuries sustained when her automobile collided with one driven by the defendant, Gladys Taylor and owned by the defendant, Harvey Brown. The jury returned a verdict for the plaintiff in the amount of $5,000 and the defendants appeal from the judgment entered thereon. The sole question, on appeal, is whether the trial court erred in refusing to give two I.P.I. jury instructions tendered by the defendants and a special interrogatory pertaining to contributory negligence. The instructions defined contributory negligence and the plaintiff's duty of care for her own safety.

The collision occurred at the intersection of California and Nelson Avenues in the City of Chicago. The plaintiff testified that on August 1, 1966, at about 6:45 A.M., she was driving north on California Avenue. California Avenue is a four lane through street, and she was travelling in the lane closest to the center line. Northbound traffic was light, but the

southbound traffic was quite heavy. She first saw the automobile driven by Gladys Taylor when it crossed directly in front of her "a couple of seconds before the collision." She applied her brakes, but was unable to stop, and she collided with the right rear of the Taylor vehicle.

Gladys Taylor testified that she was driving east on Nelson Avenue, a one-way street. Charles Williams and Edna Bailey, fellow employees, were passengers in her car. As she approached the intersection with California Avenue, she stopped behind the pedestrian crosswalk. From there she was able to look south on California Avenue and saw no north-bound traffic although her vision was partially blocked by a truck parked on the southwest corner of the intersection. She pulled out to the center line of California Avenue and stopped a second time. She still saw no north-bound traffic and proceeded to cross the northbound lanes. Her vehicle had completely passed the center line when she first saw the plaintiff's automobile, and the collision followed immediately. This testimony was substantially corroborated by Charles Williams, her passenger.

At trial, all of the evidence relating to the circumstances of the collision consisted of the testimony of the plaintiff, Gladys Taylor, Charles Williams and Alfred Bykowski, a bystander. Plaintiff objected to defendants' jury instructions numbers 8 and 9 on the ground that there was no evidence of contributory negligence, and the trial court sustained the objections. The two instructions were as follows:

> "[Defendant Instruction No. 8] It was the duty of the plaintiff, before and at the time of the occurrence, to use ordinary care for her own safety. That means it was the duty of the plaintiff to be free from contributory negligence.
>
> [Defendant Instruction No. 9] When I use the expression 'contributory negligence,' I mean negligence on the part of the plaintiff that proximately contributed to cause the alleged injury."

The court also sustained an objection to defendants' special interrogatory on the question of contributory negligence.

■■ In Illinois it is a well established principle that the plaintiff in an action predicated upon negligence has the burden of pleading and proving the exercise of due care for his own safety. As a general rule, the plaintiff's contributory negligence is a question to be decided by the jury, with guidance by proper instructions from the court. (*Jines v. Greyhound Corp.*, 33 Ill.2d 83; *Swenson v. City of Rockford*, 9 Ill.2d 122.) The degree of evidence sufficient to establish contributory negligence must be determined from the facts of each case. (*Murad v. Witek*, 48 Ill.App.2d 137.) However, contributory negligence will be found as a matter of law only where the evidence is such that all reasonable men would reach

the same conclusion. (*Wojtowicz v. Sarno*, 45 Ill.App.2d 223.) In the present case we believe that the evidence was such that reasonable men could have differed as to the matter of contributory negligence and therefore that the question was one for the jury. The plaintiff testified that she did not see the defendants' automobile until seconds before the collision. The defense testimony given by Gladys Taylor and Charles Williams was that Gladys Taylor stopped twice before entering California Avenue and each time saw no traffic and that her auto was struck by that of the plaintiff after it was almost completely across the intersection. Conflicting inferences can be drawn from this testimony as to whether the plaintiff was in the exercise of due care for her own safety immediately before the collision, and the defendants were entitled to instructions on the subject of contributory negligence. For this reason it was error for the trial court to have refused to give the tendered instructions.

In urging that the trial court's action was proper, the plaintiff directs our attention to *Turner v. Seyfert*, 44 Ill.App.2d 281; *Shore v. Turman*, 63 Ill.App.2d 315; and *Kitten v. Stodden*, 76 Ill.App.2d 177, three cases in which it was held that an instruction on contributory negligence should not have been given. In *Turner*, the plaintiff was the administrator of the estate of a deceased six year old child who was killed when struck by the defendant's automobile. The deceased would have been incapable of negligence as a matter of law, and there was no evidence in the record of negligence on the part of the child's parents or ten year old sister. In *Shore* and *Kitten*, instructions concerned with contributory negligence based upon intoxication were held erroneous where there was no evidence of intoxication, but only of drinking. In both cases the objectionable instruction tended to equate drinking with intoxication. At best these cases can be taken as standing only for the proposition that an instruction on contributory negligence should not be given when such is not an issue in the case. As we have concluded that there was sufficient evidence in the present case to place the question of contributory neligence in issue and therefore these cases are clearly not applicable.

The refusal to submit the special interrogatory was likewise erroneous. Special interrogatories are covered by section 65 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 65), which provides in relevant part:

> "The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing."

In *Meyers v. Chicago & Eastern Illinois R.R. Co.*, 43 Ill.App.2d 316, 317, the court stated with respect to section 65 that:

"It is uniformly held that this provision of the statute is mandatory and the court has no discretion to refuse the request if it is on a material ultimate fact."

As set forth above, the contributory negligence of the plaintiff is a material ultimate fact in the present case, and therefore the trial court was without discretion to refuse the special interrogatory.

Reversed and remanded.

DIERINGER, P. J., and ADESKO, J., concur.