**P.H. GLATFELTER COMPANY, Plaintiff,**

v.

**VOITH, INC. and C.A. Lawton Company, Defendants.**

No. 81–C–0743.

United States District Court, E.D. Wisconsin.

Sept. 7, 1984.

Richard Freeman, Jr., and Robert Barolak, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Thomas W. Godfrey, Godfrey, Trump & Hayes and Jon Christiansen, Foley & Lardner, Milwaukee, Wis., for defendant Voith, Inc.

Gerald L. MacKenzie, Curtis, MacKenzie & Vander Loop, Oshkosh, Wis., and George R. Schimmel, Arnold, Murray, O'Neill & Schimmel, Milwaukee, Wis., for defendant C.A. Lawton Co.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter is the plaintiff's motion for an order permitting the jury to render a verdict on the claims for reckless misrepresentation and the related claims for breach of contract and warranty, all dismissed by the Court's *Decision and Order* of March 8, 1983, granting partial summary judgment in favor of defendant Voith, Inc. ("Voith") on these counts. Based on its review of the briefs submitted by the parties and its careful consideration of the several arguments

articulated therein, the Court concludes, for the reasons stated below, that the motion must be denied.

## BACKGROUND

By its *Decision and Order* of March 8, 1983, the Court, among other things, granted Voith's motion for summary judgment with respect to the allegation of the plaintiff, P.H. Glatfelter Company ("Glatfelter"), that Voith engaged in fraudulent misrepresentation concerning the composition and strength of the subject pulleys. Based on its review of the positions of the parties, the Court concluded that there are no material facts in dispute regarding the claim of knowing or reckless misrepresentation, as follows:

... [T]here is no evidence which would tend to show that Mr. Reynolds or Valley knew that Lawton had falsely represented that Bergstrom's pulleys were constructed of ductile iron. Moreover, the Court agrees with Voith that the circumstances presented are insufficient to show that Valley acted in reckless disregard of the truth or falsity of its statements. Valley made its representations on the basis of the information it had received from Lawton....

Whether it was negligence on Valley's part to accept Lawton's representations without further verification is a question which Voith properly has conceded is inappropriate for summary judgment.... But the Court is confident that the present record discloses no intentional or reckless representations on Voith's part which would justify submitting the question of fraud by Voith to a jury....

Court's *Decision and Order* at 16–18 (March 8, 1983).[1]

The Court's finding that summary judgment was proper as to the claim of fraudulent misrepresentation, embodied in Count IV of the complaint, largely dictated its resolution of the Rule 56 motion as to the contract claims based upon the statute of limitations and the claims for lost profits or other consequential damages based on section 8(e) of the contract. As to the contract claims, the Court noted its agreement with the plaintiff that fraudulent conduct on the part of a defendant may estop it from asserting the statute of limitations as a defense; nonetheless, the Court found the doctrine of estoppel "inapplicable in light of [its] ruling ... that Voith is entitled to summary judgment on Glatfelter's claim of fraudulent misrepresentation." Court's *Decision and Order* at 22 (March 8, 1983). Stated simply, the Court could identify no deceitful conduct by Voith that would justify application of the estoppel principle.

The Court responded similarly to the request for summary judgment on the claims for lost profits or other consequential damages: Satisfied that public policy does not preclude business entities from incorporating liability-limiting provisions in their contractual agreements, the Court found the "very broad [liability-limiting] language of section 8(e) of the present contract ... sufficient to encompass tort actions not involving allegations of intentional or reckless conduct." Court's *Decision and Order* at 26 (March 8, 1983). Having previously dismissed the claim of fraudulent misrepresentation, the Court determined that the request for lost profits or other consequential damages must likewise fall.

On March 23, 1983, Glatfelter petitioned for reconsideration of the Court's decision to grant partial summary judgment in Voith's favor. Some two months later, on May 23, 1983, the Court denied that motion summarily, observing that it "remains satisfied that the record presents no genuine issues as to whether Voith intentionally or recklessly misrepresented facts to the plaintiff." Court's *Decision and Order* (May 23, 1983).

On August 24, 1984, Glatfelter interposed the present motion, requesting that a verdict form be submitted to the jury, seeking "an advisory verdict on the reckless

---

1. As the Court noted in its *Decision and Order* of March 8, 1983, Bergstrom Paper Company was the predecessor of plaintiff Glatfelter, and Valley Iron Works Corporation was the predecessor of defendant Voith.

misrepresentation claims (Count VI of the complaint) and related breach of contract and warranty claims (Counts I, III and IV) which Glatfelter brought against Voith, Inc." Plaintiff's *Motion For Jury Consideration Of Certain Claims Against Defendant Voith, Inc.* (August 24, 1984). Characterized by counsel for Voith as an attempt at "yet a third kick at the cat," Glatfelter's motion is premised centrally on its continuing belief that partial summary judgment should not have been rendered on its reckless misrepresentation count. Specifically, Glatfelter suggests that questions regarding the false misrepresentation and contract claims be incorporated in the special verdict form, as a means of avoiding the need for a second trial on the recklessness issue should the Court of Appeals reverse this Court's ruling of March 8, 1983:

> If the jury decides that Voith's statements were recklessly made, and it is subsequently decided that the summary judgment was improper, there would be no need for a second trial because the jury would have already decided the issue of Voith's recklessness. On the other hand, if the jury decides that Voith's statements were not reckless, assuming no error is committed in presenting this relatively simple point to the jury, Glatfelter, Voith and the judicial system will be saved the expense of an appeal on the question of whether summary judgment was appropriately entered. This is because the jury's decision would have already resolved the recklessness issues which would be addressed in any second trial the Court of Appeals might order if it agreed that partial summary judgment was improper. . . .

Plaintiff's *Memorandum In Support Of Motion For Jury Consideration Of Certain Claims Against Defendant Voith, Inc.* at 8 (August 24, 1984).

In further support of its position that judicial, prosecutorial, and defensive resources will be conserved if its proposed plan is adopted, Glatfelter argues that the trial of this case will not be prolonged since all of the principle claims, including those based on fraud and breach of contract, spring from the same set of operative facts; that Voith would not be prejudiced since there is little, if any, additional evidence or argument it would need to offer to rebut the fraud and contract claims not already contemplated in its defense against the negligence and strict liability counts; and that even the Court's instructions to the jury would not be lengthened since the elements of fraudulent misrepresentation would need to be presented with reference to the existing claims against defendant C.A. Lawton Company in any event.

Citing some precedent for the practice it now urges this Court to adopt, Glatfelter characterizes its petition as a simple one based on common sense and an interest in the conservation of judicial resources. It asks the Court to exercise its considerable discretion in matters such as this by "permit[ting] the jury to say whether it believes the evidence it will hear supports Glatfelter's claims that Valley's misrepresentations were reckless and Valley's contract and warranties were breached." Plaintiff's *Memorandum In Support Of Motion For Jury Consideration Of Certain Claims Against Defendant Voith, Inc.* at 12 (August 24, 1984).

On August 29, 1984, Voith filed its responsive brief, noting initially that what Glatfelter seeks is not a verdict that is merely advisory but one that would bind the Court and the parties appearing before it should the Court of Appeals reverse the grant of partial summary judgment. Voith also contends that Glatfelter's claims to judicial economy are entirely misconceived, since it is summary judgment, wisely invoked and properly granted here, that was designed to eliminate trial of issues about which there is no genuine issue of material fact. In this connection, Voith also questions why Glatfelter failed to pursue an interlocutory appeal of the Court's *Decision and Order* of March 8, 1983, if it remains convinced that that ruling will be reversed.

Most significantly, however, Voith rejects wholesale the notion that it will not be prejudiced if the trial is refashioned to incorporate the fraud and contract claims, previously dismissed by the Court. As Voith describes it, Glatfelter's position

> totally ignores the fact that, as the case is presently constituted, the plaintiff's only claim against Voith is for damages to the machine and the costs of repair. Now gone from the case against Voith are the claims for consequential damages, including the plaintiff's enormous lost profits claim, which, with interest, approaches a million dollars. Ever since the close of discovery and the Court's ruling that Voith was not subject to the claim for lost profits, the burden of defending against the claim for lost profits has been shouldered exclusively by Lawton. Voith no longer has an economic expert to testify on the subject of damages and has not prepared any defense against the lost profits claim. Now, barely two weeks before trial, the plaintiff has suggested blithely that there is no burden on Voith to defend against the lost profits claim. It does not take much of an imagination to see that the challenge of ream upon ream of accounting is something that cannot be done overnight.

Defendant's *Brief In Opposition To Plaintiff's Motion For Jury Consideration Of Certain Claims Against Defendant Voith, Inc.* at 4 (August 29, 1984). Voith contends that it is similarly unprepared to defend against the breach of contract and warranty claims and that the sudden revival of all of these previously-dismissed allegations would alter significantly the "emotional atmosphere" of the entire trial.

Finally, Voith notes the paucity of support for the procedure Glatfelter recommends and distinguishes, principally on factual grounds, the two cases cited as authority for the submission of additional special verdict questions. Neither opinion, Voith argues, is sufficiently persuasive to justify granting Glatfelter's present petition.

In the final volley of this dispute, Glatfelter, on September 6, 1984, replied to Voith's characterization of its request as unwarranted and unfair:

> We again request that the Court weigh the real advantages and disadvantages of plaintiff's proposal. The advantages are clear: without expending any significant additional trial time, this Court can eliminate the possibility of either an appeal or a second trial on the issue of Voith's recklessness. The disadvantages are trivial....
>
> We respectfully submit that, in these days of heightened concern about the expense and delay of litigation and about the burdens being placed upon our judicial system, the advantages of plaintiff's proposal far outweigh the drawbacks. We urge the Court to take advantage of this opportunity for creative litigation management and grant plaintiff's motion.

Plaintiff's *Reply Memorandum In Support Of Motion For Jury Consideration Of Certain Claims Against Defendant Voith, Inc.* at 3–4 (September 6, 1984). Glatfelter also disputes Voith's claim that it is unprepared to try the issues relating to lost profits and chronicles the close relationship of the two defendants with respect to a damages expert originally hired by Voith but retained by C.A. Lawton Company in the wake of the Court's partial summary judgment ruling. All of this, Glatfelter apparently maintains, demonstrates that Voith will not be prejudiced or disadvantaged in any significant way if the present motion is granted.

### Rule 49(a) And Glatfelter's Motion For Jury Consideration Of Certain Claims

It is well established that Rule 49(a) of the Federal Rules of Civil Procedure affords the trial court considerable discretion as to the nature and scope of the issues to be submitted to the jury in the form of special verdict questions. *Perzinski v. Chevron Chemical Company,* 503 F.2d 654, 660 (7th Cir.1974); *Elston v. Morgan,* 440 F.2d 47, 49 (7th Cir.1971). Indeed, the

Court of Appeals for this circuit has long recognized that

> [a] special verdict, making as it does specific inquiry as to facts, is a procedural device of great practical usefulness [citation omitted]. For instance, negligence cases as well as many other types of controversies in Wisconsin are customarily submitted to the jury on a special verdict. It is a widely accepted and approved procedure. However, in the submission of a special verdict or interrogatories to accompany a general verdict, federal courts are governed by Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A., and not by the law of the state. In *Cohen v. Travelers Ins. Co.*, 7 Cir., 134 F.2d 378, 384, we held that the submission of special interrogatories was a matter of procedure and was discretionary with the trial court. In *Marcus Loew Booking Agency v. Princess Pat*, 7 Cir., 141 F.2d 152, 154, we held that Rule 49(b) is permissive, not mandatory, and whether the court will submit special interrogatories is within its sound discretion....

*Tillman v. Great American Indemnity Company of New York*, 207 F.2d 588, 593 (7th Cir.1953).

Under the circumstances of the present case, as described above and in its *Decision and Order* of March 8, 1983, the Court finds that its broad discretion should be exercised to deny Glatfelter's motion. At the outset, the Court identifies in the movant's proposal some superficial appeal; like all other federal tribunals, this Court views favorably efforts to conserve the limited resources of the judiciary. At the same time, the Court has never been inclined to compromise the paramount interests in fairness and equity in the name of judicial economy alone. Such would clearly be the result if the present petition were granted.

█ Implicit in the Court's grant of partial summary judgment in favor of Voith was its finding that there is in actuality no real basis for relief on the claims for fraudulent misrepresentation and breach of contract and warranty. *See Swettlen v. Wag-* *oner Gas & Oil, Inc.*, 369 F.Supp. 893, 894 (W.D.Pa.1974) (discussing the standards for summary judgment under Rule 56 of the Federal Rules of Civil Procedure). Accordingly, the Court determined that this defendant was entitled to be "protected against the heavy burden of expense and effort entailed in a protracted and intricate trial." *Raubal v. Engelhard Minerals & Chemical Corporation*, 364 F.Supp. 1352, 1355 (S.D.N.Y.1973) (likewise setting forth standards to be applied under Rule 56). While the Court's *Decision and Order* of March 8, 1983, plainly envisioned trial of some of the counts against Voith, it just as plainly precluded prosecution of the sort Glatfelter proposes by its present motion. Nothing in the moving papers convinces the Court that the agenda established for this litigation some eighteen months ago should now be upset.

Moreover, the Court expects that Voith would suffer considerable prejudice if its attorneys were, on the eve of trial, forced to reassemble a defensive strategy they rightly abandoned a year-and-a-half ago. In spite of any long-standing familiarity or relationship they may have had with a damages expert now servicing counsel for co-defendant C.A. Lawton Company, Voith's representatives would almost certainly need to do more than simply "add a few sentences of argument" to their present case, as Glatfelter speculates, if they were compelled to defend against the allegations in Counts I, III, IV, and VI of the complaint.

Finally, the Court feels compelled to note, as has counsel for Voith, the lack of significant authority or guiding precedent for the procedural vagary Glatfelter suggests. Like Voith, the Court opines that the two principle cases cited by the movant in support of its position are wholly distinguishable and provide no real persuasive force to the argument made under the circumstances of this action. To the extent these cases are helpful at all, they demonstrate that the practice of submitting additional special verdict questions to the jury

is typically adopted in an extraordinary situation, not present here.

 The Court speculates that throughout its own experience on the bench, there have been numerous cases in which juries might have been asked to respond to special verdict questions relating to issues previously eliminated from the litigation. In each, the specter of reversal by the Court of Appeals might have justified a revival of dead claims for the purpose of trial only. Yet such a practice would also render obsolete and worthless the entire jurisprudence of dispositive pretrial motion practice, and that the Court is not willing to do. If, in the end, the circuit court should determine that partial summary judgment was improperly granted in this case, that discrete portion of this action will, as counsel for Glatfelter observes, need to be tried. Until that time, however, the Court remains steadfast in its belief that its ruling of March 8, 1983, was proper and that it is now, as defense counsel notes, "far too late in the game to burden Voith with the demands of trying a new case for which it did not plan." Defendant's *Brief In Opposition To Plaintiff's Motion For Jury Consideration Of Certain Claims Against Defendant Voith, Inc.* at 6 (August 29, 1984).

## CONCLUSION

For the reasons articulated herein, the Court hereby DENIES the plaintiff's motion for jury consideration of certain claims against defendant Voith, Inc., pursuant to Rule 49(a) of the Federal Rules of Civil Procedure.

