FRANK OTT, Plaintiff-Appellee, v. BURLINGTON NORTHERN RAILROAD COMPANY, Defendant-Appellant.

Fifth District   No. 5—84—0812

Opinion filed January 8, 1986.—Rehearing denied February 18, 1986.

HARRISON, J., dissenting.

Karl D. Dexheimer, of Pope & Driemeyer, of Belleville, and Robert P. Schmidt, of Burlington Northern Railroad Company, of St. Louis, Missouri, for appellant.

John P. Kujawski, of Kujawski & Rosen, of Belleville, and Jeanne L. Sathre, of Clayton, Missouri, for appellee.

JUSTICE JONES delivered the opinion of the court:

The plaintiff, Frank Ott, brought this action against the defendant, Burlington Northern Railroad Company, Inc., pursuant to the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1982)), seeking damages allegedly caused when the plaintiff fell and injured his knee. A jury rendered a verdict in favor of the plaintiff in the amount of $545,000. The trial court denied the defendant's post-trial motion, and the defendant has appealed raising three issues for review: (1) whether the trial court ruled correctly on certain objections pertaining to the admission and exclusion of certain evidence; (2) whether the jury was properly instructed; and (3) whether the verdict was excessive as a matter of law. Because of the disposition we make, we address only the issue raised concerning the instruction of the jury, specifically, whether the trial court erred in refusing to submit to the jury the modified general verdict form tendered by the defendant requiring the jury to find the total amount of the damages suffered by the plaintiff, to find the percentage of negligence attributable solely to the plaintiff, and to assess the amount of the plaintiff's recoverable damages. Instead of giving the modified general verdict form requested by the defendant, the trial court gave the general verdict form, which is Illinois Pattern Jury Instruction (IPI), Civil, No. 45.01 (2d ed. 1971). The verdict form tendered by the defendant, denominated defendant's instruction No. 10, is IPI Civil 2d No. A45.06 (1981 Supp.) with a slight modification that is irrelevant here. Defendant's instruction No. 10 was offered in conjunction with defendant's instruction No. 13, which was refused by the trial court as well. Defendant's instruction No. 13 is IPI Civil 2d No. 45.01, modified for use with IPI Civil 2d No. A45.06 (1981 Supp.). If given, defendant's instruction No. 13 would have informed the jury as to which verdict form to use.

Defendant's instruction No. 10 states as follows:

"We, the Jury, find for the plaintiff and against the defendant

and further find the following:

First: without taking into consideration the question of reduction of damages due to the negligence of the plaintiff, if any, we find that the total amount of damages suffered by the plaintiff resulting in whole or in part from the occurrence in question is $_____.

Second: Assuming that 100% represents the total combined negligence of the plaintiff and of the defendant we find that the percentage of negligence that was attributable to the plaintiff is _____ percent (_____%).

Third: After reducing the total damages sustained by the plaintiff by the percentage of negligence attributable to the plaintiff, we assess plaintiff's recoverable damages in the sum of $_____."

Spaces for the signatures of the jurors are provided thereafter.

The defendant describes its instructions Nos. 10 and 13 as "in the nature of a special interrogatory," stating that "[t]ogether, they constitute a special interrogatory to the jury, in that they required the jury to make the *** findings [enumerated above] in the event of a verdict for the plaintiff." The defendant maintains that section 2—1108 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1108) required the trial court to give defendant's instructions Nos. 10 and 13 to the jury when asked to do so. Section 2—1108 provides:

"Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact submitted to the jury in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly."

In support of its position the defendant argues that "the percentage of negligence attributable to the plaintiff was a material question of fact. After the requested instructions were refused, there was no way to know the jury's determination of this ultimate fact issue."

The plaintiff argues that section 2—1108 "deals with two separate topics, verdicts and special interrogatories," and contends that the defendant's instructions Nos. 10 and 13 were not special interrogato-

ries because they were marked and tendered as instructions. The plaintiff describes the two instructions as "a special verdict form and the companion instruction instructing the jury as to which verdict form to use" and maintains that section 2—1108 requires the jury to render a general verdict unless the nature of the case requires otherwise, that general verdicts are the rule, and that special verdicts are to be used only in "exceptional circumstances," which are absent in the instant case.

In their briefs, both of the parties cite the cases of *Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 703, 450 N.E.2d 1199, *Harris v. Day* (1983), 115 Ill. App. 3d 762, 451 N.E.2d 262, and *Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 452 N.E.2d 558. Both parties note that the rejection of similar verdict forms in these three cases was held not to constitute reversible error. However, the defendant points out correctly that in these three cases the provision of section 2—1108 that the jury be required on request of any party to find specially upon any material question of fact submitted to it in writing was not in issue.

In *Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 3d 703, 450 N.E.2d 1199, the trial court refused to give computational comparative negligence forms tendered by the two defendants but gave instead IPI Civil 2d No. A45.05 (1981 Supp.) outlining how to reduce the plaintiff's damages due to any negligence on his part and a modified IPI general verdict form (IPI Civil 2d No. A45.09 (1981 Supp.)). On review, the defendant railroad contended that the jury had not received a proper verdict form and argued that, because the suit involved comparative negligence and multiple parties, the jury should have received a verdict form requiring the jurors to state the total amount of damages suffered by the plaintiff, the percentage of negligence attributable to the plaintiff, and the percentage of negligence attributable to each defendant. The court of review found that the combination of the instruction and the general verdict form was adequate to allow the jury to reach a verdict and that the trial court had not erred by refusing to give the computational verdict form.

In *Harris v. Day* (1983), 115 Ill. App. 3d 762, 451 N.E.2d 262, the defendant urged error on review in the trial court's refusal to submit his proposed special verdict form to the jury that would have required the jury to state the total damages and percentages of fault of each party in accordance with the supreme court's adoption of pure comparative negligence in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886. In response to the defendant's argument that in several States that have adopted pure comparative negligence, such special

verdict forms are suggested and even required, the court stated that *Alvis* does not mandate such computational forms and that the verdict form given by the trial court was in accord with IPI Civil 2d No. A45.05 (1981 Supp.), which requires no finding by the jury of the percentage of fault or total damages. The court stated further that it had found no error in this form of instruction in *Hazelwood.* The court held that under the circumstances in *Harris,* "even assuming error in failing to give the computational form, such would not be prejudicial since the jury was adequately instructed on the doctrine of pure comparative negligence" (*Harris v. Day* (1983), 115 Ill. App. 3d 762, 773, 451 N.E.2d 262, 268).

In *Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 452 N.E.2d 558, one of the defendants cited as reversible error the trial court's failure to use special verdict forms and special interrogatories that he had proffered. Referring to the holding in *Stromquist v. Burlington Northern, Inc.* (1983), 112 Ill. App. 3d 37, 444 N.E.2d 1113, that, though the use of special interrogatories and special verdict forms is recommended and highly desired, no error occurs in the failure to use such forms unless a party is clearly prejudiced by the omission, the court in *Seward* concluded that the jury there had been adequately charged and found no error in the trial court's failure to use the special verdicts forms and special interrogatories the defendant had proffered.

In *Stromquist,* the trial court had refused a special verdict form tendered by the defendant and had chosen to give to the jury a general verdict form instead. The court noted the supreme court's recommendation in *Alvis* that the use of special verdicts and special interrogatories would serve as a guide to assist the jury in its deliberations but stated that *Alvis* does not prohibit the use of the general verdict form where it adequately charges the jury. In *Stromquist,* the special verdict form refused by the trial court was defective for failure to provide for a potential award of punitive damages based on a finding of wilful and wanton conduct.

Inasmuch as none of these four cases address the provision of section 2—1108 that the jury must be required on request of any party to find specially upon any material question of fact submitted to it in writing, none of these cases is controlling in the instant case.

With regard to the verdict form tendered by the defendant, defense counsel stated, "[T]he verdict form, although it is cast in the form of a verdict form, is in the nature of a special interrogatory to the jury. And I think the record should be clear that I am also tendering it [defendant's No. 13] on that basis. It is asking the jury for a

finding of an ultimate issue in the case, and I think on that basis it is also proper ***." The defendant sought, by means of its instructions Nos. 10 and 13, to have the jury find specially upon material questions of fact submitted to it in writing, namely, the total amount of the damages suffered by the plaintiff and the percentage of negligence attributable solely to the plaintiff. In view of this fact, we make no determination as to whether the two instructions in question constitute a special verdict as opposed to special interrogatories and, in accord with the description of IPI Civil 2d No. A45.06 (1981 Supp.) provided by the drafters of it, we refer to the defendant's instruction No. 10 as a "modified general verdict." It is uniformly held that the provision of section 2—1108 in question is mandatory and that the court has no discretion to refuse the request if it is on a material ultimate fact. (*Green v. Brown* (1972), 8 Ill. App. 3d 638, 291 N.E.2d 18; *Moyers v. Chicago & Eastern Illinois R.R. Co.* (1963), 43 Ill. App. 2d 316, 193 N.E.2d 604.) Because section 2—1108 mandates that the jury must be required to find specially upon any material question of fact submitted to it in writing, the trial court erred in refusing to give defendant's instructions Nos. 10 and 13 as it was required to do pursuant to section 2—1108. Therefore, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

KASSERMAN, P.J., concurs.

JUSTICE HARRISON, dissenting:
I respectfully dissent.
The majority acknowledges that *Harris v. Day* (1983), 115 Ill. App. 3d 762, 451 N.E.2d 262, and *Hazelwood v. Illinois Central Gulf R.R.* (1983), 114 Ill. App. 3d 703, 450 N.E.2d 1199, hold that refusing to give the jury a comparative negligence computational verdict form is not reversible error. These decisions stand for the proposition that if the jury is properly instructed on how to reduce the plaintiff's damages due to any negligence on his part, it is not necessary for the jury to state findings on the percentages of fault or the total amount of plaintiff's damages. This rule leads us to the conclusion that no reversal is required in the present case.

Further, I cannot agree with the inference made by the majority that the verdict form tendered was in the nature of a special interrogatory. The verdict form tendered is clearly referred to as a modified general verdict form in IPI Civil 2d No. A45.06 (1981 Supp.). Under

*Hazelwood* and *Harris*, failure to use such a verdict form is not reversible error.

Finding no reversible error regarding this issue or any other issue raised by defendant, I would affirm.