Louise JARVIS, d/b/a Witts Tackle & Marine, Inc., Plaintiff-Appellant,

v.

COMMERCIAL UNION ASSURANCE COMPANIES, and Commercial Union Insurance Company, Defendants-Counterclaimants-Appellees.

No. 85–1562.

United States Court of Appeals, Tenth Circuit.

July 7, 1987.

Michael E. Vigil of Marchiondo & Berry, P.A., Albuquerque, N.M., for plaintiff-appellant.

Terrence R. Joy of Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., and Dallas, Tex. (H. Jerome Gette of Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., and Dallas, Tex., and Edward E. Triviz, Las Cruces, N.M., with him on brief), for defendants-counterclaimants-appellees.

Before McKAY, MOORE, and TACHA, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

In this appeal, Witts Tackle & Marine, Inc. and Louise Jarvis, Witts' president, to whom we shall refer as "plaintiffs," contend the trial court erred when it failed to grant them a new trial because of an inconsistency between a general verdict and the jury's answer to a written interrogatory. We conclude that contrary to the findings of the district court, an inconsistency exists, and plaintiff Witts is entitled to a new trial pursuant to Fed.R.Civ.P. 49(b). We find no such inconsistency regarding the claim of Ms. Jarvis. We also conclude that because the trial court failed to give counsel a meaningful opportunity to object to the inconsistency before the jury was discharged, Witts did not waive the right to raise the issue on appeal.

## I.

In August 1981, during a period of serious financial difficulty for Witts, a fire destroyed its business premises. A few months before the fire, Witts obtained a policy from defendant, Commercial Union Insurance Company (Commercial Union), which provided coverage limits of $100,000 on the building, $230,000 on the contents, and $40,000 for business interruption. These limits represented a substantial increase over Witts' previous insurance.

After Witts filed a proof of loss, Commercial Union refused to pay, contending plaintiffs were responsible for setting the fire. Commercial Union eventually paid the Small Business Administration the sum of $59,731 representing the SBA's loss from its mortgage on Witts' building. (Despite Commercial Union's opinion of plaintiffs' culpability, the policy required payment to the mortgagee notwithstanding any defense the insurer could assert against the insured.)

Plaintiffs filed this action against Commercial Union claiming breach of the contract of insurance and breach of the implied covenant of fair dealing and good faith.[1] Commercial Union counterclaimed against plaintiffs for the amount it paid the SBA.

## II.

After a lengthy trial, the court presented the jury with two special interrogatories together with general verdict forms on the claims and counterclaim. Interrogatory No. 1 asked:

Did defendant Commercial Union Ins. Co. breach the insurance contract with plaintiff Witts Tackle & Marine, Inc. by refusing to pay the insurance claim of plaintiff Witts Tackle & Marine Inc.?

To this question, the jury responded, "Yes." Interrogatory No. 2, which was to be answered only if the first interrogatory was affirmatively answered, asked:

---

1. Other personal claims of Ms. Jarvis not pertinent to this appeal were also filed and later disposed.

Did defendant Commercial Union Insurance Company act in bad faith in its dealings with plaintiff Witts Tackle and Marine, Inc.?

To this, the jury responded, "No." Then the jury returned a verdict stating:

WE, the Jury, find in favor of the defendant Commercial Union Ins. Co., and against plaintiff Witts Tackle & Marine, Inc.[2]

In addition to the general verdict forms finding against each plaintiff, the jury was also provided verdict forms which stated in part:

WE, the Jury, find in favor of plaintiff ... and against the defendant and assess compensatory damages against the defendant in the amount of $_____.

Despite the jury's answer to interrogatory No. 1, this verdict form was returned unsigned, and the space for the amount of damages was left blank. On the counterclaim, the jury returned a verdict for the plaintiffs and against the defendant.

The confusion between the verdicts and the answers to interrogatories was immediately recognized by the trial court when the forms were returned in open court. Apparently, the judge studied the papers for some time in silence, then told the jury:

Ladies and gentlemen of the jury, in reference to the special interrogatory, the Court—in reference to the verdict forms, I am going to request that you go back to the jury room and review the special interrogatory form to see if that is the correct way that you intended to check the marks that are indicated thereon, in reference to the verdicts that have been signed. The Court is having a little confusion with that, is all.

At this time, I will ask the jury to go back and take a look at that. It may or may not be, I just want you all six to look at that. Please rise.

Neither counsel was shown the interrogatory answers or the verdicts before the jury was excused; therefore, both sides were unaware of the nature of the problem perceived by the court. After approximately one-half hour, the court reconvened, and the following transpired:

THE COURT: The jury has given me a note, after I instructed them to go back and look at the special interrogatory form in regard to the verdict form. They have now submitted to me a note that has indicated that they are satisfied that they have filled out the interrogatory form correctly, and that if there is any conflict between the form and the verdict form, that they would need to be shown or told what the conflict is.

Under Rule 49, it required that after the Court has reviewed the verdict forms, to publish those, and then that is exactly what I am going to do. I wanted to inquire if there was an inconsistency in the jury's mind. They are saying that there is none, so I am going to bring them in and publish the verdict.

The jury then returned, and the forms were once again given to the court. After polling the jury, the court ordered entry of the verdict and immediately discharged the jury, giving counsel no time to reflect upon what had transpired or to object to the entry of the verdict.

Five days later, plaintiffs moved under Fed.R.Civ.P. 49(b)[3] for either entry of judgment in their favor, a new trial on all issues, or a new trial on the issue of damages only. As grounds for their motion, plaintiffs contended the answers to the interrogatories and the general verdicts were inconsistent. In denying this motion, the district court held that:

[T]he only arguable inconsistency is between the general verdict in favor of Commercial Union and against plaintiff Witts Tackle and the special interrog-

**2.** An identical verdict was returned against Ms. Jarvis.

**3.** Rule 49(b) states in part:

When the answers [to interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, judg-

ment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.

atory finding that Commercial Union breached the insurance contract.

We agree with this appraisal of the issues. The court properly circumscribed the inquiry because interrogatory No. 1 pertained only to Witts and not Ms. Jarvis; hence, Ms. Jarvis' claims were unaffected.

■ In its written order, the district court recalled that about one-half hour after retiring with instructions to reconsider its verdicts, the jury sent the court a note stating:

> The jury has unanimously agreed that the Special Interrogatory Form is filled out correctly. However, if there is a conflict with the Special Interrogatory form and the Verdict Forms we will need a description of this conflict.[4]

The court further recalled that upon receipt of this note and after review of the jury instructions, it was satisfied the verdicts and the answers to the interrogatories were "harmonious."[5]

After reviewing the circumstances, the court concluded the verdict should be upheld. The conclusion was based upon the court's view that because the jury could have found Witts failed to prove damages beyond the amount paid to the SBA, the answer to special interrogatory No. 1 and the general verdict were congruous. The court reasoned that the jury was instructed it had to setoff the amount defendant paid SBA against damages to the plaintiff's structure; therefore, it must have decided the amount of the damages to the building did not exceed the amount of the setoff. The court further reasoned that the jury could have found that Witts failed to prove the value of the contents of the building, observing that defendant had presented evidence that the contents were obsolete. As to damages for interruption of income, the

court concluded that since Witts' business was failing at the time of the fire and defendant presented "strong evidence that there were no compensable lost earnings," the jury also might have found plaintiff sustained no damages on this claim. We believe these conclusions are inappropriate under the peculiar circumstances of this case.

■ The basic fallacy of the trial court's reasoning is found in its failure to recognize that the general verdict is more than a decision by the jury not to award damages. Indeed, it represents a determination by the jury that the defendant was not *liable* on Witts' breach of contract claim. That determination does not square with the answer to interrogatory No. 1. It is fundamentally inconsistent for the jury to find that defendant breached the contract by failure to pay Witts' claim while also finding that the defendant was not liable for the breach. The deviation between these two decisions cannot be explained away on the grounds the jury found an absence of damages. If that had been the jury's determination, it would have returned the form of verdict finding for plaintiff with a zero in the blank provided for the amount of damages. *That* verdict would coincide with the answer to interrogatory No. 1. Instead, we are left with the unmistakable impression that because the jury made two conflicting decisions on liability, it was totally confused on the breach of contract issue.[6]

■ When faced with inconsistent verdicts, a trial court should attempt to bring them into harmony. *Julien J. Studley, Inc. v. Gulf Oil Corp.*, 407 F.2d 521, 526 (2d Cir.1969). Yet, when only cacophony reigns, the verdicts must be set aside.

---

**4.** Unfortunately, this note was not shared with counsel before the verdict was returned.

**5.** While it makes little difference to the outcome, we observe in passing that the district judge's contemporaneous reading of the jury note indicated to him that the jury was satisfied the interrogatory was correctly completed. Of course, the satisfaction of the jury is not what is required. Rule 49(b) places the burden on the court to determine the harmony between the interrogatories and the verdict, despite what the

jury believes. *See Elston v. Morgan*, 440 F.2d 47, 49 (7th Cir.1971).

**6.** Defendant suggests the jury was not confused because it was instructed, and thus could have found, that defendant could be excused from performance of the contract. We believe under the facts of this case, that conclusion cannot be reached without indulging in mischievous speculation.

*Global Van Lines, Inc. v. Nebeker,* 541 F.2d 865, 868 (10th Cir.1976).

### III.

Defendant argues we cannot reach the jury's inconsistent acts because Witts waived the issue by failure to object before the jury was discharged. Ordinarily, one who permits the discharge of the jury without raising the inconsistency of a verdict cannot assert the inconsistency on appeal. *Cundiff v. Washburn,* 393 F.2d 505, 507 (7th Cir.1968); *Kirkendoll v. Neustrom,* 379 F.2d 694, 698 (10th Cir.1967). Nevertheless, in this instance we do not believe the rule should be applied.

It is quite evident in the record that counsel on both sides had no knowledge of either the nature or the magnitude of the problem created by the verdict. The trial court initially perceived the problem, but rather than sharing it with counsel, the judge sent the jury back to deliberate without benefit of further instructions. The court should have conferred with counsel and arrived at an instruction explaining to the jury that the answer to the interrogatory and the general verdict against Witts were inconsistent. While the court might have feared intervening in the province of the jury, it nonetheless left the jury unguided and obviously unable to understand the problem it had created. It would not have been an interference with the jury's function for the court to explain that either the verdict or the answer to the interrogatory would have to be changed to eliminate confusion. Moreover, this should have been done after giving both counsel an opportunity to be heard on the subject.

The trial court took unto itself the whole burden of dealing with this problem. In so doing, however, it left counsel without a meaningful opportunity to protect the interests of their clients and to preserve the record for appeal. This unfortunate circumstance was compounded by not sharing with counsel the jury's note and by discharging the jury without giving counsel an opportunity to object.

Even though the court orally disclosed the substance of the note before ordering the jury returned, it deprived counsel of the opportunity to suggest curative instructions to the court. The note suggested the jury was still confused because it stated, "The jury has unanimously agreed that the *Special Interrogatory Form is filled out correctly.*" (Emphasis added.) Yet, the note did not say the jury was satisfied the verdict did not conflict with the interrogatory. Instead it asked for "a description" of the "conflict" between the answer and the verdict if one existed. Nonetheless, the court summarily declared the conflict resolved and proceeded with entry of the verdict. Once again, an opportunity to avoid the now evident inconsistency was passed.

In the heat that arises from the natural tensions of an arduous trial, particularly late in its last day, it is often easy to make simple errors in judgment on both sides of the bench. The problem that arose here is at once unusual and difficult to anticipate. The trial court is not to be grievously faulted for failure to see something we, in the luxury of leisurely contemplation, now find so evident. By the same measure, however, it would be a perverse default of justice to say that under the circumstances present here, counsel had waived the right to correct an onerous inconsistency in the jury's resolution of his client's case only because he did not raise an objection. *Compare Cheney v. Moler,* 285 F.2d 116 (10th Cir.1960).

### IV.

Both parties are entitled to a clear resolution of the breach of contract claim. We do not believe, however, that the inconsistency of the jury mandates a new trial on all issues. The trial court correctly circumscribed the viable issue here, as we have noted, and in accordance with that circumscription, the only appropriate relief is retrial of the claim upon which the jury rendered the inconsistent verdict. Accordingly, that part of the trial court's judgment denying relief to plaintiff Jarvis must be affirmed.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for retrial of the breach of contract claim filed by Witts Tackle & Marine, Inc.